DAHLMAN vs. FORSTER, imp.

*September 2 — September 19, 1882.*

ESTOPPEL, *by admissions in judicial records.*

Admissions or statements though appearing in judicial records, estop the person making them from explaining them or denying their truth, only as against those who were parties or claim rights under such records, or who acted upon or were influenced by such statements.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion. The defendant *Forster* appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Cotzhausen, Sylvester, Scheiber & Jones*, and oral argument by *Mr. Cotzhausen*.

For the respondent there was a brief by *Cottrill, Hanson & Brown*, and oral argument by *Mr. Cottrill*.

Orton, J. This action was brought upon a promissory note signed by J. S. Mabbett & Co., and it was alleged in the complaint that such firm consisted of the defendants, *George Forster* and Joseph S. Mabbett. The defendant *Forster*, in his answer, denied the partnership. To prove the partnership, the records and judgment roll in several mechanics' liens and other suits, in which the said *Forster* and Mabbett were parties, but in which neither the payees nor holders of the note in suit were parties or privies, were introduced in evidence on behalf of the plaintiff, by which records it appeared that the defendant *Forster* had made a statement under oath, at different times before and about the time this note was given, that he and said Joseph S. Mabbett were partners.

There was some evidence on the part of the plaintiff tending to show that said *Forster* had otherwise acted as a partner with said Mabbett. It was not shown that any of the payees or holders of the note had ever had any knowledge of said records or statements, under oath, before the note was given or negotiated. The defendant *Forster* offered to show that his sworn statement in said records, that he was a partner of J. S. Mabbett, originated from a mistake, and through his ignorance of what constituted a copartnership, and offered to explain the same, which the court refused to allow him to do, in the following language and ruling: "I don't think it is legitimate for you to change the legal nature of the act, which is done beyond dispute; you must take it with its legal consequences. It speaks for itself. I think it is a solemn admission, and we won't inquire into it." The defendant's counsel said to the court, "You mean by solemn, conclusive?" and the court replied, "Yes, sir."

There had been some other evidence in behalf of the defendant *Forster* tending to show the manner in which the business of the pretended firm had been conducted, with a view of showing that he was not a partner with Mabbett, and some evidence of the real contract between them, with the same view.   The defendant Mabbett, as a witness for the defendant *Forster*, was asked by his counsel, " Had *George Forster*, in the month of June, 1874, or any other time thereafter, any interest in the business, except as an employee? " and he answered, " That is all, sir."   On motion of plaintiff's counsel this evidence was stricken out.   The defendant's counsel then asked the court, " Am I to understand that all the evidence on the part of the defense as to the actual agreement between Mabbett and *Forster* shall be ruled out? " and the court replied, " Yes, sir."   The court thereupon directed the jury to render a verdict for the plaintiff for the amount of the note.   It would seem, from remarks made by him in connection with these rulings in respect to the legal effect of such admissions or statements of a partnership in these various cases, the learned judge who tried this case rested them upon the doctrine of estoppel, holding that in all cases thereafter between any and all parties the defendant *Forster* would be estopped from denying their truth or explaining them, even, for he said: " Now the question is, in view of that proof, what is the effect of it in law? It might have been made under a mistake, but the effect upon the public is to establish, so far as the public are concerned, the fact of the existence of the firm at that time." I quote this language without any qualification, because such was the effect of the ruling in this case; for there was no proof that the payees or holders of the note ever had any knowledge of these records or admissions, or were or could have been influenced thereby in taking the note.

But the learned judge made no mistake in his statement of the law, but a mistake of fact only, perhaps thinking, at

Dahlman vs. Forster, imp.

the time, that there had been proof of such knowledge or influence; for he qualifies the above language by saying, " If the public *acted upon it*, and *put faith in it*." That this qualification was intended to be necessary to the correct statement of the law by the learned judge, is shown by his further remarks: "It seems to me that if a man makes a declaration either solemnly or casually, and *I put reliance upon it, and act on it*, that he is estopped from ever gainsaying it. That is common sense and that is the law." And so we think, " that is common sense and that is the law." But the trouble is, there was no evidence that any of the payees or holders of this note ever " *acted upon*, or *put faith in*, or reliance upon " these statements of the defendant in these other cases, to which they or any of them were neither party, nor privy, or ever had any knowledge of them, and all other evidence as to the partnership was ruled out on the ground that these statements estopped the defendant *Forster* from gainsaying them or explaining them, and as conclusive of the question. We might stop here, for the error is plain and palpable, but the learned counsel of the respondent, in his brief, contends that such statements were an estoppel and conclusive, whether the parties who took the note knew of them, or were influenced by them in taking the note or not, or were or were not parties or privies to such records, on the ground, as we understand him, that such estoppel is by *public records*, of which all the world must take notice, and we are cited to Bigelow on Estoppel as authority to sustain this position. By reference to this valuable work it will be observed that one of the essentials of such an estoppel is that only such as were parties or claim rights under such judicial records, or acted upon or were influenced by them, can claim such an estoppel. Bigelow on Estoppel, 4. The doctrine of estoppel, as to the existence of a partnership, is rested on the same principle in all cases. Id., 470, 508. It is an essential principle of estoppel that the con-

duct of a person has been influenced by the statements or conduct of another, and because so influenced he shall be protected and the other estopped.

The case of *Conklin v. Barton*, 43 Barb., 435, cited by the learned counsel of the respondent, is that where one acts as a partner it is evidence of the partnership, but not conclusive.

The case of *Van Orman v. Phelps*, 9 Barb., 500, is that a tenant in common, who has procured a partition and stated under oath, in his petition therefor, that a certain other person was a tenant in common with him, is estopped from denying that he was such, in an action of trespass upon the premises and doing damage, against the servants of such other person, and recognizes the doctrine above stated.

The reference to 1 Greenl. Ev., §§ 22, 27, 205, rests estoppel by admissions in judicial proceedings upon the requisites that others are party or privy thereto, or influenced thereby, and estoppel by other admissions, upon the *latter* requisite alone. The principle is elementary that estoppel must rest upon one of these requisites. 1 Greenl. Ev., §§ 206, 207. And the learned judge who tried the case needs no correction on this question, for he stated the law correctly, as we have seen; and the error consists only in the application of it to a case where there was no proof that any of the persons holding this note were party or privy to the record admissions of *Forster*, or had any knowledge of them, or were influenced by them. The other alleged errors in the record need not be noticed, for they may not exist on the determination of a future trial.

*By the Court.*— The judgment is reversed, and the cause remanded for a new trial.