## L. G. MURPHY, *et al.*, v. CATHERINE HINDMAN.

1. NEW TRIAL; *Discretion of Court.* A trial court is invested with a large discretion in determining applications for new trials; and to warrant a reversal, it will require a clearer showing of abuse of judicial discretion in granting a new trial than in refusing one.

2. NEW TRIAL; *Order Granting, not Disturbed.* A new trial was granted where it was shown that after the cause was submitted and the jury had retired to the jury room, one of the jurors separated from his fellows, and that afterward the remaining members of the jury were called to the court room, admonished, and allowed to separate, and the absent juror remained away without charge or admonition from the court for about two hours, and until the jury reassembled; and where it was also shown that another juror had been informed concerning one of the principal disputed facts in the case, which knowledge he failed to disclose when he was examined as to his qualifications, but after testimony on the fact had been given he remarked outside of court that he knew more about the fact than the witnesses did: *Held,* That the order granting a new trial ought not to be disturbed.

*Error from Wabaunsee District Court.*

EJECTMENT, brought by *Murphy* and three others against *Hindman.* Trial at the October Term, 1884, and verdict for plaintiffs. The defendant moved for a new trial, which was granted. To reverse this ruling, plaintiffs bring the case here. The opinion states the facts.

*Overmyer & Safford,* for plaintiffs in error.

*Stumbaugh & Gunn,* and *Case & Curtis,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding in error brought to reverse an order of the district court of Wabaunsee county, setting aside a verdict and granting a new trial. The plaintiffs in error, who were plaintiffs below, brought the action to recover the south half of the southwest quarter of section twenty-four, township eleven, range twelve east, being an eighty-acre tract of land situated in Wabaunsee county. The

trial, which was had with a jury, at the October term, 1884, resulted in a verdict in favor of the plaintiffs. The defendant filed a motion for a new trial, alleging as reasons therefor every statutory ground for which a new trial may be had. This motion was heard on December 23, 1884, and a new trial was granted; and this is the ruling complained of.

We cannot say that the court erred in its ruling. It is seldom that a case is presented which would justify the court in reversing an order granting a new trial. The trial court is invested with a large discretion in disposing of applications for a new trial, and it is generally held that, to warrant a reversal, it requires a clearer showing of an abuse of discretion in granting a new trial than in refusing one. It was recently said in this court, that such an order will not be reversed unless the court "can see beyond all reasonable doubt that the trial court has manifestly and materially erred with reference to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made." (*City of Sedan v. Church*, 30 Kas. 190. See also *Brown v. A. T. & S. F. Rld. Co.*, 29 Kas. 186, and cases there cited.) The particular ground or grounds upon which the court places its decision cannot be learned from the record, as it is recited that the application was sustained for the reasons stated in the motion. Exceptions were taken by the defendant, during the trial, to the rulings of the court on the admission of evidence, and in charging the jury. Among the reasons stated why a new trial should be granted was, the misconduct of the jury, and irregularity in the proceedings of the court and jury, by which the defendant was prevented from having a fair trial. Affidavits were filed in support of these allegations. In one affidavit it is shown that, after the case was submitted to the jury, and the jury had retired to the jury room in charge of the bailiff, a member of the jury applied and was allowed to go from the jury room to the water closet; and when he returned the jury had left the room, and gone to the court house; and

1. New trial; discretion of court.

when the juror arrived there, he found that court had adjourned for supper; and he was therefore not present when the jury was admonished and separated, and was separated from the jury for about two hours without any charge or admonition from the court.

The plaintiffs were the surviving heirs of John Campbell, deceased, and one of the matters in controversy was with reference to a marriage contract said to have been made between John Campbell and the defendant. The plaintiffs claim that the defendant conveyed the land in controversy to John Campbell, and that the title was in him at the time of his death, but that the deed was never recorded, and numerous acts and statements of Campbell and the defendant concerning the land were given in testimony with a view of showing that the land was actually conveyed. On the other hand, Mrs. Hindman denies that she ever deeded the land to Campbell, and she claims that the only transaction between Campbell and herself was, that in 1878 she leased the land to him for a time, and in the same year a marriage contract was made between them, whereby it was agreed that this land should stand as security for the fulfillment of her promise, and a tract which he owned as security for compliance on his part, which contract was afterward destroyed by mutual consent; and that whatever was done by Campbell, or under his direction, on the premises, was done under the lease and in anticipation of their future marriage, under the marriage contract. Under the testimony and the instructions, the marriage contract became a very important feature of the case. On the motion for a new trial, it was shown that one of the jurors who sat in the case had had several conversations with Campbell concerning his relations with the defendant, one of them on the day he died, in which Campbell had stated that he had had trouble with Mrs. Hindman, and although engaged to marry, he would never marry her. Campbell asked the juror's advice as to how he might get rid of Mrs. Hindman, and the juror advised him in that respect. He also told the juror of the marriage contract, stating what its terms were. After several witnesses had given

in their testimony, and a recess had been taken by the court, the juror told the trial judge of his knowledge, and that he knew more about the marriage contract than the witnesses did; but the trial proceeded, and the juror continued to sit in the case. This juror was probably disqualified to try the case. The fact that the juror first named separated from his fellows after the case had been submitted, and had remained away from them for two hours without having been admonished by the court, may not in itself have been sufficient to set aside the verdict; but when it is considered in connection with the conduct of the second juror, and with the action of the court in allowing him to continue in the case until the verdict was rendered, and the other rulings made and excepted to, suffi-

2. New trial, order granting, not disturbed.

cient grounds for granting a new trial were probably shown. At least, there is enough to prevent this court from reversing the order granting a new trial. In the new trial to be had, both parties can have an opportunity to try the case on its merits before a jury that will take the testimony as given by the witnesses, and who will not assume to know the facts better than the witnesses who relate them.

Under the rules established by the decisions of this court, we cannot say that there was error in the ruling of the district court granting a new trial, and hence its order and judgment will be affirmed.

All the Justices concurring.