L. C. MURPHY *et al.* v. CATHARINE HINDMAN.

No. 9595.

1. PARTY AS WITNESS, CODE § 322 — *may testify he had no transaction with, and made no conveyance to, deceased ancestor of adverse party.* Where one of the parties to an action is an heir of a deceased person, and claims that the title to the land in controversy was transferred to his ancestor by the adverse party, such adverse party may testify that he had no transaction personally with the deceased, and that no transfer of title was ever made by him to the deceased.

2. JUDGMENT — *ordinarily, stranger to, cannot avail himself of, in another proceeding.* As a general rule, strangers to a judgment are not bound by it, and, ordinarily, one who is not bound by a judgment cannot avail himself of it in another proceeding.

3. JUDICIAL RECORD — *declarations or admissions in, competent for stranger against party, but not conclusive.* If a record or judicial proceeding contains material declarations or admissions of a party to the same, it may be offered in evidence in behalf of one who was not a party, but it will not be conclusive against the party who made the declarations or admissions.

Error from Riley District Court.   Hon. R. B. Spilman, Judge.   Opinion filed May 8, 1897.   *Affirmed.*

This was an action of ejectment brought by the plaintiffs in error in the District Court of Wabaunsee County to recover of the defendant in error eighty acres of land.   A trial in September, 1883, resulted in a verdict for the plaintiffs.   The court set aside the verdict and granted the defendant a new trial; and upon error this court affirmed that order.   *Murphy v. Hindman,* 37 Kan. 267.   The new trial resulted in a verdict for the defendant, and this having been set aside, the case was sent to the District Court of Riley County, on change of venue.   After a trial there, resulting in a disagreement of the jury, another trial was had which resulted in a verdict for the defendant. The court refused the plaintiffs a new trial and rendered judgment on the verdict; and to reverse that judgment this proceeding was brought.

*David Overmyer,* for plaintiffs in error.

*A. H. Case* and *J. B. Barnes,* for defendant in error.

JOHNSTON, J.   Several years ago, this same controversy was before this court for consideration.   *Murphy v. Hindman,* 37 Kan. 267.   In the subsequent trial of the case, as in the first one, it was claimed by the plaintiffs that, in 1877, Catharine Hindman, by the name of Catharine McMillan, executed a deed conveying the land to John Campbell, in his lifetime, but that she afterward obtained possession of the deed and destroyed it.   The defendant claimed that she never made such an instrument, and, in answer to an inquiry by her counsel, she was permitted to deny that she ever executed or delivered to John Campbell the deed to the land in controversy.   It is contended

1. Party may testify that he had no transaction with deceased.

that the admission of this testimony violated the inhibition that " no party shall be allowed to testify in his own behalf, in respect to any transaction . . . had personally by such party with a deceased person, when the adverse party is . . . heir at law . . . of such deceased person, where they have acquired title to the cause of action immediately from such deceased person." Civil Code, § 322. We think the testimony objected to is not prohibited by this provision. The defendant was not competent to testify in her own behalf in respect to any transaction had personally with John Campbell. The testimony given was not with respect to a transaction, but was simply a denial that a transaction was had. She could not give testimony to prove a transaction, nor to show that a conceded transaction differed in some respects from what was claimed by the opposite party. And so it was held, in *Wills v. Wood* ( 28 Kan. 410 ), that a party who conceded that a transaction was had with the deceased person, could not give testimony denying the execution of an instrument which it was claimed was a part of the transaction. In considering the case, the court remarked that " the single question being, not whether Mr. and Mrs. Wills ever executed the deed to James, but whether the instrument which the plaintiffs admit was executed to James was the one offered in evidence," the witness could not testify negatively that the instrument produced was not the one that she did sign. Instead of admitting that a deed was executed, Mrs. Hindman denied positively that such an instrument was ever executed or that she ever had any such transaction personally with Campbell.

Another exception was taken on the admission of testimony in behalf of the defendant impeaching a judgment of divorce obtained by her against Daniel

D. F. McMillan. Considerable testimony was offered to show that a deed for the land was executed by defendant to Campbell, and, to meet this, she set up the claim that if a deed was made it was void, as she had been, and still was, the wife of McMillan at the time it is claimed the deed was executed, and, with her children, was living upon the land in controversy as a homestead. To account for the absence of a conveyance from McMillan, and to show that the defendant was an unmarried woman at the time of the alleged conveyance, plaintiffs offered in evidence a judgment of the District Court of Wabaunsee County purporting to divorce the defendant from Daniel D. F. McMillan. In her verified petition for divorce, she alleged that, at the time of her marriage to McMillan, he was a married man, having another wife living to whom he had been theretofore legally married; and upon this ground the decree was founded. The defendant then offered testimony tending to show that she was mistaken when she alleged that McMillan was a married man at the time of their marriage; and, from an authenticated record, it was made to appear that he had previously been divorced from his former wife by a district court of California. It is contended that the effect of this testimony was to contradict the judgment of

2. Stranger to judgment cannot avail himself of other proceeding.

divorce which she procured to be entered in Wabaunsee County; and that it was not competent for her to impeach or deny the facts established by that judgment. The binding force of judgments upon parties or privies thereto is firmly established. Campbell, however, was not a party to the divorce proceeding, nor was he privy to the judgment rendered. The judgment was not a link in the chain of title to the land in controversy, nor can it be said that Campbell relied on the records in

that case in purchasing the land, if any purchase was made. If ever there was such a deed as plaintiffs claim, it was executed and delivered months before the judgment of divorce was rendered. Campbell was a stranger to the record, and it was impossible for him to have been influenced by any statements which it contained. Strangers to a judgment. are not bound by it; and, ordinarily, one who is not bound by a judgment cannot avail himself of it in another proceeding. If Campbell did not act upon nor rely on the statements which the record contained, there is no room for the application of the doctrine of estoppel. The record, it is true, con-

3. Record compe-  tained admissions inconsistent with the
tent, when.  claim of the defendant that she was a
married woman when the deed was alleged to have been made, and, for that reason, it was properly received in evidence as an admission against her; but, in such case it is not conclusive. "A record or judicial proceeding is admissible in evidence in favor of one not a party to it when it contains a declaration or admission made by the person against whom it is offered. In such circumstances it does not have the unimpeachable verity of a record. It is not conclusive against the person who made the admission or declaration, but such admission or declaration is of no higher dignity than if made in some other manner, and may be explained or rebutted." Freeman on Judgments (4th ed.), § 417a. See, also, Black on Judgments, § 608; *Dahlman v. Forster*, 55 Wis. 382. As between the plaintiffs and the defendant, therefore, the statements in the record of the divorce proceeding, although admissible, did not preclude the defendant from explaining the record and showing the truth.

We find no error in the record, and hence the judgment of the District Court will be affirmed.