WORTHINGTON, et al, Appellants, v. HESS, et al, Respondents.

(225 N. W. 225.)

(File No. 6443. · Opinion filed May 7, 1929.)

*Danforth & Seacat,* of Alexandria, for Appellants.
*Rice & Rice,* of Flandreau, for Respondent Buck.
*Krause & Krause,* of Dell Rapids, for Respondent Bachman.

FULLER, C. The defendant Buck purchased a tract of land from Ellis Worthington by contract dated June 14, 1919. The defendant Hess became interested with the purchaser, Buck, and the contract of sale was completed and performed by a conveyance to Buck and Hess. In closing the transaction of purchase, these defendants executed a second mortgage, as security for the sum of $3,000 to Worthington, the vendor. Buck and Hess later conveyed to the defendant Bachman, who accepted a deed providing therein that it was "subject to mortgages now of record amounting to $22,000, which the grantee assumes and agrees to pay, with interest from March 1, 1921." This clause, by reason of the facts of the case, referred to and included the Worthington mortgage of $3,000. Worthington died, and appellants, the plaintiffs below, became the administrators of his estate. This action, by them, is against Buck, Hess, and Bachman. The complaint prayed for judgment for the principal amount of the mortgage indebtedness and interest and for the foreclosure of the mortgage. From judgments dismissing the suit, in favor of Buck, the mortgagor, and Bachman, who assumed payment of the mortgage, and from the order overruling a motion for new trial, the administrators of the Worthington estate appeal.

At the trial plaintiff abandoned the claim to foreclosure, and sought only a judgment for the mortgage debt. As process was served on defendant Hess without the state, no attempt was made by plaintiff to procure judgment against him. Both sides having moved for directed verdict, the jury was discharged and findings of fact made by the trial court. The pleadings put in issue the question whether any note was given by Buck and Hess, mortgagors, to Worthington, the mortgagee, and the first question is whether competent evidence supports the finding that no note was executed. The mortgage was dated March 1, 1920. It does not refer to any note as having been executed. Printed in statutory form, a certain blank space was filled with one line thus: "According to —— promissory note bearing even date herewith, due March 1, 1924." No direct evidence was offered by appellant that any note had been executed by the mortgagors, or that any one

had seen such a note, though allegation of the making and subsequent loss of the note appears in the complaint.

The only evidence on the point favorable to appellant is in a letter from the mortgagor, Hess, stating that: "As to the note of $3,000.00, I do not remember whether or not there was a note executed or what Mr. Worthington did with the same, but it seems to me there was a note executed." Defendant Buck was asked the following: "Question. Did you, on March 1st, 1920, sign a note in the amount of three thousand dollars due March 1st, 1924, payable to Ellis Worthington?"

This question was answered in the negative, over the objection of appellant that the witness was incompetent, reference being had to Rev. Code, § 2717, which excludes certain parties and persons from testifying, under given conditions, to transactions by them had with a person since deceased. It is needless to even approve or disapprove authority to the effect that a witness, within the description of the statute, may *deny* the execution and delivery of an instrument to a person since dead (Murphy v. Hindman, 58 Kan. 184, 48 P. 850, 851), as the question here was merely whether the witness had signed an instrument of description stated in the question. Such a question is not objectionable, under Rev. Code, § 2717.

Certain witnesses were permitted to testify to admissions made by the mortgagee, Worthington, to the direct effect that he received no note with the mortgage. To this evidence appellant objected that it tended to vary the terms of a written contract. As neither the mortgage, nor the deed to respondent Bachman, contain any recital which directly or indirectly imports the making of a note, this objection could only pertain to the original contract by which respondent Buck, as vendee, contracted for the purchase of the land from Worthington. This contract provides:

"And the said party of the second part hereby covenants and agrees to pay the said party of the first part the sum of twenty-five thousand and no/100 dollars, payable at the First National Bank at Flandreau, South Dakota, in the manner following: the sum of $1,000.00 at or before the execution of this contract. The sum of $2,000.00 on the 1st day of March, 1920. One first mortgage given by Ellis Worthington to Andrew and Oluf Hasvold for $19,000.00

with interest at the rate of 5% per annum, payable annually. One second mortgage of $3,000.00 to be given to the party of the first part by the party of the second part March 1st, 1920, due on or before March 1st, 1924, with interest at the rate of 5½ per cent. per annum."

By the foregoing Buck did not covenant that a note would be given with the mortgage of $3,000; much less that any note had been given. It follows that evidence of admissions by the mortgagee to third persons, that no note was given with the mortgage of $3,000, did not tend to vary the terms of the original contract of purchase.

The appellant contends that the contract bound the purchaser to a personal liability for the payment of the purchase price to be covered by the mortgage. The contract having been offered in evidence by respondents, and received, appellants contend that it constitutes a promise of payment, without respect to whether a note was or was not given; that they should have judgment for the debt thus expressly created. But the complaint is based upon a note which, according to the obvious theory of the pleading, is lost. The terms of the contract, as we have seen, have no bearing on that issue. It may be noticed, however, that when the vendee accepted performance of the contract he received a mortgage which, as he admitted to others, was without a mortgage note; and that mortgage, by reason of the law with which he is deemed to have been acquainted, did not bind the mortgagors to payment of the sum secured. In the absence of fraud or mistake, the conduct of the parties in the mode adopted by them for closing the contract, represents their own interpretation of its terms and refutes appellant's contention that a note was contemplated by the qualified provision, in the contract, for the payment of the purchase price of $25,000. Janssen v. Muller, 38 S. D. 611, 614, 162 N. W. 393. The finding of the trial court that no note was given with the Worthington mortgage is therefore amply sustained by the evidence, and the action against Buck and Hess on the theory of a lost note must fail.

As to respondent Bachman, his alleged liability is based upon a transaction supervenient to the transactions between the mortgagors and the mortgagee. By his deed he assumed and agreed to pay the mortgage. The controversy as to Bachman's alleged per-

160

sonal liability, as presented and discussed by counsel, involves several difficult questions. According to our view of the matter, however, there is a principle of direct and certain application to this situation, which undoubtedly sustains the judgment of dismissal as to Bachman.

The covenant in the deed by which Bachman assumed and agreed to pay the mortgage was part of his contract with the mortgagors, Buck and Hess. If the promise to pay had been made, as a matter of fact, by Bachman, with Buck and Hess, for the use and benefit of the mortgagee, Worthington, the rights of the latter might be different. But all appellant has to stand upon in this case is the mere covenant, in the deed accepted by Bachman from Buck and Hess. In the absence of the proof of further circumstances, it may not be assumed that the mortgagors intended to impose upon their grantee the payment of money to another, for which the mortgagors were not themselves liable, and in the payment of which the mortgagors would enjoy no benefit. There was no consideration moving from Worthington, the mortgagee, to Bachman for his promise, and it cannot be said, in this case, that the mortgagors furnished any consideration to the grantee for Bachman's promise to pay a sum for which they were not liable.

Briefly stated, the rule, consistent with the weight and reason of authority, is that the grantee, who covenants with his grantor for the assumption and payment of a mortgage against the conveyed premises, is liable for the payment of the sum secured only when the mortgagor is himself liable. Young Men's Christian Ass'n v. Croft, 34 Or. 106, 55 P. 439, 75 Am. St. Rep. 568, 571; Annotations 78 Am. Dec. 76, Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L. R. A. (N. S.) 492, 498. The mortgagor takes the promise of the grantee in the deed for his own protection and security, not for the direct benefit of the mortgagee. The mortgagee or creditor may be equitably subrogated to the security thus acquired by his debtor, and therefore may enforce performance of the contract of the grantee, who assumed payment of the mortgage. But where the mortgage is a mere charge against the land, and the mortgagor is not personally liable for any deficiency, neither he nor the mortgagee may compel payment by the purchaser under his assumption of the mortgage.

It is therefore unnecessary to consider whether a grantee may defend against a covenant in a deed which he has accepted, by merely denying knowledge of its existence, or whether parol evidence, going to the consideration of a deed, may be used in the interpretation of the meaning of such a covenant. Aside from the possibility of a mortgage note, the existence of which has been conclusively negatived, appellants do not maintain the existence of factual material for their rights other than the contract of purchase, the mortgage, and the Bachman deed. But this documentary evidence, considered without the emendation of respondents' parol evidence, is insufficient to impose personal liability on respondent Bachman.

The judgment dismissing the action against appellants Buck and Bachman, and order overruling motion for new trial are therefore affirmed.

SHERWOOD, P. J., POLLEY, CAMPBELL, and BURCH, JJ., and MISER, C. (sitting in lieu of BROWN, J., absent), concur.