**A. C. HARRELL and Hanna Lumber Company, a corporation, Plaintiffs in Error,**

**v.**

**L. A. HORTON d/b/a Horton's Electrical Center, Defendant in Error.**

**No. 40711.**

Supreme Court of Oklahoma.

April 13, 1965.

Houston, Klein & Davidson, by Garland Keeling, Tulsa, for plaintiffs in error.

Rollins & Combs, Collinsville, for defendant in error.

BERRY, Justice.

Plaintiff, an individual engaged in electrical contracting business as Horton's Electrical Center, sued defendants A. C. Harrell, H. C. Hanna and Hanna Lumber Company, to recover money allegedly due on an account for labor and material furnished at defendants' instance and direction. The defendants have appealed from a judgment rendered upon a jury verdict in plaintiff's favor.

Plaintiff alleged that prior to November 10, 1960, defendant Harrell, a supervisory employee of the corporate defendant, had engaged plaintiff to furnish material and labor for the lumber company property at Third and Peoria in Tulsa, Oklahoma, and at other locations. Upon completion of this work plaintiff was advised by defendant Harrell there was another job for plaintiff at 51 N. Trenton, leading plaintiff to believe this work also was for defendants, there being no signs or other indicia that the business on N. Trenton was not owned by defendants. Plaintiff completed this work and requested payment from defendant Harrell, who then advised plaintiff to bill the Jordan Poultry & Produce Company, a corporation. Plaintiff billed such company as directed but did not receive payment, and upon investigation ascertained the produce company was financially unable to meet its obligations. Prior to undertaking the job in question plaintiff had received payment from the lumber company for other work at the produce company, and would not have undertaken the later job except for the belief that he was to rely upon the defendants for payment. The work was not performed under a contract to furnish certain materials and labor, but under an agreement defendants would pay plaintiff a reasonable and customary sum for labor and materials upon completion of the work. Pursuant to such agreement plaintiff performed the

work and furnished materials totaling $1,561.76 as requested and directed, but no part of the account had been paid. The account was supported by itemized statements. By supplemental petition plaintiff alleged compliance with the requirements of the Intangible Tax Law.

Defendants answered by verified general and specific denial of the matters declared upon by plaintiff. The issues were completed upon plaintiff's filing reply of general denial of defendants' answer.

The evidence adduced at the trial was severely conflicting upon every issue except as to the fact plaintiff had completed some work in remodeling the building occupied by the corporate defendant, had done work earlier on the Trenton Street Building, and that defendant Harrell directed plaintiff's crew to that building and instructed them as to the work to be done. Briefly summarized the evidence sufficient to support the jury's determination of the issues disclosed substantially the matters now related.

At all times material to the matter involved, defendant Harrell was a supervisory employee of the corporate defendant which was engaged in a retail lumber business in Tulsa, Oklahoma. Prior to November 10, 1960 plaintiff, by and through his employees, had been engaged to furnish certain materials and perform designated labor involved in the course of remodeling work being carried out at the lumber company, located at 3rd & Peoria Streets in that City. Plaintiff had performed other work for defendants at different locations.

On November 10, 1960, plaintiff's workmen completed work at the lumber company and Harrell directed the workmen to go to 51 N. Trenton Street where there was another job he wanted done. Defendant met the workmen at the location, a poultry processing plant, and directed them as to the connection and/or installation of equipment and electrical lines involved, using material furnished both by plaintiff and by the lumber company. Although there were no signs at the Trenton premises indicating ownership, defendant Harrell mentioned defendants' ownership of an interest in the business and that plaintiff was working for, and would be paid by them just as for his previous work. Plaintiff checked with defendant as to where, when and how to do the work required.

During the course of the work at the produce company plaintiff received a check, drawn on the Hanna Lumber Company by a company employee, showing same was in payment for work plaintiff had done at the produce company in July, 1960. Defendants' evidence in explanation of this circumstance was that the produce company later reimbursed defendant for this outlay.

Upon completion of the work plaintiff inquired of defendant Harrell concerning payment and eventually was advised by Harrell to bill Jordan Produce & Poultry Company at the N. Trenton address. This was for the expressed purpose of keeping job expenses separate from defendants' jobs at other locations. Plaintiff then furnished statements, compiled from his daily work records, showing amount of material and labor furnished, and these were taken to defendants' office. Plaintiff had been advised defendant was Secretary of Jordan Poultry & Produce Company, Inc., and that he would see to it that the matter was settled, and that plaintiff had nothing to worry about. Not receiving payment plaintiff investigated and learned the produce company was in financial difficulty, although defendant Harrell had stated the company could satisfy its obligations. Thereafter plaintiff brought suit against the produce company to recover the amount of his claim, but dismissed the action without prejudice before service was had upon the named defendant.

At the trial defendants first moved for judgment upon the pleadings and opening statement of counsel, upon the grounds no cause of action was stated, and for the further reason plaintiff's action could not be maintained upon grounds of judicial estoppel. This motion was overruled, as were objections to introduction of evidence and demurrer to plaintiff's evidence. At the

close of all the evidence defendants moved for a directed verdict, the motion being sustained as to defendant Hanna only.

The jury returned a verdict in plaintiff's favor for the amount sued for ($1,561.76). Motion for new trial was overruled and this appeal then was perfected by defendants Harrell and Hanna Lumber Company.

Defendants urge four contentions as grounds for reversal of this judgment. The first of these is the claim that the present matter requires recognition of the doctrine of judicial estoppel, defined by text definition in 31 C.J.S. Estoppel § 121b as follows:

"Under the doctrine of judicial estoppel a party who by his pleadings in an action has assumed a particular position, may not in a subsequent action assume an inconsistent position, and may be estopped by the mere fact of having alleged or admitted in his pleadings in a former proceeding the contrary of the assertion sought to be made."

The argument is that plaintiff swore to the truth of the matters alleged and the verity of his claim in the first action brought against the Jordan Poultry & Produce Company, and likewise swore to the truthfulness of the matters upon which the present action was founded. Thus, because his oath necessarily was false in one proceeding, this Court should announce as public policy the principle of judicial estoppel in order to preserve dignity of the courts and insure order in judicial proceedings. Extensive text quotations, and numerous decisions from other jurisdictions, principally from Tennessee, are cited and quoted in support of defendants' position.

In this connection it should be noted that in Parkinson v. California Co. et al. (CCA 10), 233 F.2d 432, at 437, the doctrine urged by defendants was alluded to in this manner:

"True it is that a 'judicial estoppel' of the nature contended for by defendants has been recognized. They rely upon a statement contained in 31 C.J.S., Estoppel, § 121, p. 390. This reflects the minority viewpoint which has encountered inhospitable reception outside the state of Tennessee. The Supreme Court of Wyoming has observed that 'the Tennessee courts probably go too far' and has indicated that a position taken by a man in one proceeding ordinarily is merely evidence and cannot work an absolute estoppel in another, and that only in cases such as the one it then had before it, where the man was successful in the position taken in the first proceeding would such evidence rise to the dignity of conclusiveness in another. * * *."

And, the opinion in Parkinson further points out that the minority rule invoked by the Tennessee courts apparently is not applied to statements of law or opinion, or those made through mistake, or otherwise not knowingly false. Inconsistent statements may be evidentiary as admissions, but within themselves will not conclude a party as a matter of law.

Contrary to defendants' argument, questions relative to application of the doctrine of judicial estoppel have been considered by this Court in the past. In Chicago, R. I. & P. Ry. Co. v. Mashore, 21 Okl. 275, 96 P. 630, 17 Ann.Cas. 277, the first syllabus states:

"In the trial of a case brought for work and labor, it developed that plaintiff had brought a prior action, in which he charged another party, as defendant, for the same services, which action was not tried, and no judgment rendered therein. In the case on trial, defendant asked an instruction to the effect that this former action worked an estoppel to plaintiff's prosecution of his case against it, which was denied by the court. HELD not error. The bill of particulars in such former suit, being a quasi admission, was competent as evidence, but did not constitute an estoppel."

In Continental Oil Co. v. Logan, 177 Okl. 273, 58 P.2d 554, p. 558, the rule of the Mashore case was quoted and it was said:

"This opinion was written by Dunn, J. The question is thoroughly settled, it seems to us, in this opinion in which 'Mr. Wigmore On Evidence' is extensively quoted." (citing numerous authorities)

The remaining contentions presented by defendants are: (1) Failure of the petition to state a cause of action; (2) Insufficiency of plaintiff's opening statement to state a cause of action, same showing plaintiff was not entitled to recover; (3) Insufficiency of the evidence to prove a cause of action.

■ Concerning the argument relating to the asserted failure of the petition to state a cause of action, the record does not reflect presentation of a demurrer to the petition. The allegations of the petition were controverted by defendants' answer in the form of general and specific denial, and defendants objected to introduction of any evidence by plaintiff. The applicable rule is that an objection to the introduction of any evidence is equivalent to a demurrer to the petition. Powell v. Chastain, Okl., 359 P.2d 336.

■ Proper practice requires the question as to sufficiency of a petition to state a cause of action be challenged by demurrer. An objection which attempts to raise the question in this manner is not favored by the courts. When the sufficiency of the petition to state a cause of action is so raised the objection generally is overruled unless there is a total failure to allege some matters essential to relief. Missouri O. & G. Ry. Co. v. McClellan, 35 Okl. 609, 130 P. 916; S. J. Groves & Sons Co. v. Oklahoma City et al., 191 Okl. 276, 129 P.2d 185. A demurrer to a petition admits the truth of facts properly pleaded, and if the plaintiff is entitled to any relief based thereon the demurrer should be overruled. Great American Insurance Company v. Watts, Okl., 393 P.2d 236. In passing upon the demurrer, the petition is to be liberally construed in plaintiff's favor, and if any facts entitled plaintiff to relief are stated it is error to sustain a demurrer to the petition. Kelough v. Neff, Okl., 382 P.2d 135. The trial court properly overruled defendants' objection to the introduction of any evidence.

■ Defendants next assert error in the failure to sustain their motion for judgment upon the pleadings and opening statement of plaintiff's counsel. This argument is without merit in view of the rule in Ayres v. Amatucci et al., 201 Okl. 598, 207 P.2d 788, wherein the syllabus states:

"After the pleadings are made up and issues joined, if the petition is good against a demurrer, it is good against a motion for judgment in favor of defendant upon opening statement of counsel, unless it appears that such statement contravenes the material allegations of the petition, whether by conceding errors in the petition or failure of the proof to sustain the petition."

Also see Hill v. Anderson et al., Okl., 363 P.2d 849.

■ Defendants' final contention seeks to review the sufficiency of plaintiff's evidence to establish a cause of action against defendants. In an action of legal cognizance a judgment based upon a verdict of a properly instructed jury will not be disturbed if there is any evidence, although conflicting, reasonably tending to support the verdict. Missouri-Kansas-Texas R. Co. v. French, Okl., 368 P.2d 652; Price v. Clifton, Okl., 391 P.2d 252.

■ In the brief defendants assert for the first time and seek to urge applicability of the Statute of Frauds to the present case. While not required to consider alleged errors raised in this manner, it is sufficient to note that oral or implied agreements for employment are not within the statute if terminable by either party at any time. Nothing appearing in the record indicates that the agreement for performance of the work was not terminable by either

party at his option. See Staten v. McMahan, Okl., 337 P.2d 440. Furthermore, there was testimony by plaintiff that at the time the agreement was made it was understood the materials and labor performed were for the defendants and not the Jordan Produce and Poultry Company.

Judgment affirmed.