## ST. LOUIS & S. F. R. CO. v. CARD.

No. 1966.. Opinion Filed January 21, 1913.

(132 Pac. 144.)

**APPEAL AND ERROR—Review—Grant of New Trial.** In passing on a motion for a new trial, the court must necessarily be vested with a reasonable range of discretion in granting or refusing same, and unless he should feel an abiding conviction that the movant has had a fair and impartial adjudication of his rights, a new trial should be granted; and where, after a review of the proceedings, and after due consideration, a new trial is granted the order will not be reversed, unless the record discloses a clear abuse of discretion.

(Syllabus by Harrison, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by R. S. Card against the St. Louis & San Francisco Railroad Company. Judgment for defendant, and from an order granting a new trial defendant brings error. Affirmed.

This action was begun in the district court of Oklahoma county in March, 1909, by R. S. Card against the St. Louis & San Francisco Railroad Company for personal injuries alleged to have been received in April, 1907, while a passenger in a caboose on defendant's road, and that such injuries were caused by defendant's willful, wanton, and careless negligence in a collision of said caboose and a string of detached freight cars. Plaintiff alleged that he was on such train at the instance and request of the railroad company; that while on same, and while in the exercise of due care on his part, a string of detached freight cars were backed into said caboose, colliding therewith with such violence as to throw plaintiff upon the floor, thereby causing serious and permanent injuries from the violent force of the fall.

The railroad company answered, denying the allegations in plaintiff's petition and alleging that plaintiff's injuries, if.

he had sustained any, were due to his own carelessness in standing in the aisle of said caboose in negligent disregard of the risk he had assumed by becoming a passenger in a caboose attached to a freight train.

The cause was tried in October, 1909, at which trial the testimony of a number of witnesses for both plaintiff and defendant was submitted. At the close of the testimony · the railroad company moved the court to instruct the jury to return a verdict in its favor, which motion was granted. Thereupon the plaintiff, R. S. Card, filed motion for a new trial, alleging the usual statutory grounds. The court took such motion under advisement, and thereafter, in April, 1910, upon a hearing and review of the trial and argument of counsel for both parties, sustained the motion and granted a new trial, and from the order granting the new trial to plaintiff, R. S. Card, the defendant railroad company appealed.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*Etheridge & McCormick* and *Shartel, Keaton & Wells,* for defendant in error. .

Opinion by HARRISON, C. (after stating the facts as above). The decisive issue here is whether the trial court abused its discretion in granting a new trial. The record does not disclose an apparent abuse of such discretion, and following the rule of this court in granting the trial court a wide discretion in such matters—a rule which, in our judgment, is by no means an unjust one—the exercise of such discretion will · not be disturbed in the case at bar. In *Ten Cate v. Sharp,* 8 Okla. 300, 57 Pac. 645, it was held:

"The trial court has a very large and extended discretion in the granting of new trials, and a new trial should be granted whenever, in the opinion of the trial court, the defeated party has not, in all probability, had a reasonably fair trial or received substantial justice, although it is difficult for the trial court to state the grounds so as to enable the Supreme Court to have the same understanding as the trial court and parties."

Also, in *Trower v. Roberts,* 17 Okla. 641, 89 Pac. 1113, this court, following the rule in *Ten Cate v. Sharp, supra* said:

"Trial courts are invested with a very large and extended discretion in the granting of new trials, and new trials ought to be granted whenever, in the opinion of the trial court, the party asking for the new trial has not probably had a reasonably fair trial, and has not, in all probability, obtained or received substantial justice, although it might be difficult in many instances for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the Supreme Court could understand them as well as the trial court and the parties themselves understood them. The Supreme Court will not reverse the order of the trial court granting a new trial, unless the Supreme Court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made. As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal."

In *Yarnell v. Kilgore,* 15 Okla. 591, 82 Pac. 990, this court said:

"Where a new trial is asked on the ground that the verdict is not supported by the evidence, it is error to deny the motion, unless the court is satisfied with the verdict to such an extent that its reason and judgment approve it."

Again, in *Hobbs v. Smith,* 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697, this court, referring to the trial court, said:

"If the court is not satisfied that justice has been done by the verdict, a new trial should be granted."

In the case at bar the court had all the testimony before it, had presided over all the proceedings and observed all the witnesses in their manner of testifying, and had the motion for a new trial under consideration some time in November until the date of granting same in April, at which time, after

a review of the proceedings and the argument of counsel, it sustained the motion and granted a new trial.

In passing on a motion for a new trial, the court must necessarily be vested with a reasonable range of discretion in granting or refusing same, and unless he should feel an abiding conviction that the movant has had a fair and impartial adjudication of his rights a new trial should be granted; and where, after a review of the proceedings, and after due consideration, a new trial is granted, the order will not be reversed, unless the record discloses a clear abuse of discretion.

In view of the foregoing authorities, and in view of the further fact that no abuse of discretion appears in the record, we cannot feel justified in saying that such discretion was abused. The judgment granting a new trial should, therefore, be affirmed.

By the Court: It is so ordered.