## RELEFORD et al. v. STATE.

No. 6549.  Opinion Filed January 26, 1915.

(146 Pac. 27.)

1.   APPEAL AND ERROR—Appeal for Delay Only—Dismissal. An appeal which presents no assignments of error except such as

have long been decided by this court adversely to appellant, and which is manifestly taken for delay only, will be dismissed.

2.    **JUDGMENT—Setting Aside—Jurisdiction.** A judge of a court of record has no jurisdiction, sitting in chambers, to set aside a judgment of the court of which he is judge, in the absence of specific statutory authority.

(Syllabus by the Court.)

*Error from District Court, McCurtain County;*

*Summers Hardy, Judge.*

Action by the State against Will Releford and others on a bail bond. Judgment for plaintiff, and defendants bring error. Appeal dismissed.

*H. P. Hosey,* for plaintiffs in error.

*E. G. Nelson,* Co. Atty., *(Steel, Lake, Head & Barrett,* of counsel), for the State.

BROWN, J. The defendant in error moves to dismiss the appeal in this case upon two grounds: First, that the appeal is manifestly and palpably frivolous, and taken for the purpose of delay only; second, that the case-made in this cause was not served within three days, or within the time allowed by statute, or within a valid extension of time after the motion for a new trial purports to have been overruled, and contains no order extending the time to make and serve a case-made beyond the statutory time, and said order overruling the motion for a new trial and purporting to extend the time for preparation and service of case-made are shown only by way of recital, and do not show to have ever been filed in the lower court and entered upon the journals thereof.

Motion to dismiss was filed January 11, 1915, and contains acceptance of service, and waiver of further notice by the attorney for plaintiff dated January 8, 1915. Plaintiffs in error have filed no answer or resistance to the motion to dismiss.

The case-made filed by plaintiffs in error in this court dis-closes that plaintiff in error Releford, as principal, and the other plaintiffs in error, as his sureties, executed an appearance bond conditioned that Releford should appear at the July term, 1913, of the county court of McCurtain county, Okla., to answer a criminal charge therein pending against him and another, and that he made default, and forfeiture of said bond was duly taken and entered in the county court on the 17th day of July, 1913, and the county attorney directed to sue for the collection thereof. On August 5, 1913, the county attorney instituted suit in the district court to recover of the plaintiffs in error the amount of said for-feited bond—to wit, $1,000—and plaintiffs in error, defendants below, appeared and answered in said cause.

In the answer of the defendants below they admitted the execution of the bond and the forfeiture thereof as alleged in plaintiff's petition, and on the trial admitted everything claimed by plaintiff, except defendants' liability, and, as defense to the action, alleged that the judgment of forfeiture in the county court had been set aside. By reply, the county attorney denied the order had been set aside by said court, and, upon the issues thus formed, the case in the district court was tried to a jury, and evidence introduced by both plaintiff and defendants.

At the conclusion of the evidence the county attorney, in be-half of plaintiff below, demurred to the defendants' evidence, and asked the court to peremptorily instruct a verdict for plaintiff, and the court accordingly instructed the jury to return a verdict for the plaintiff for the sum of $1,000, which the jury did. The de-fendants below made no objection to the peremptory instruction by the court, and took no exception thereto. A judgment was accordingly entered in favor of plaintiff and against the defend-ants for the sum of $1,000, as found by the jury. In due time the defendants below filed motion for a new trial, which was over-ruled by the court, and the case appealed by them to this court.

An examination of the case-made discloses that the order of the county court purporting to set aside the forfeiture of the appearance bond requiring the defendant Releford to appear at the July term, 1913, in the county court, was void, and in no manner affected the judgment of the county court forfeiting said bond, for the reason that no motion was made by the principal or sureties to set aside the judgment and order of forfeiture during the term of court at which the forfeiture was taken. The July term of the county court adjourned for the term the day following the forfeiture. September, 1913, plaintiff in error filed in the county court a motion to set aside the judgment of forfeiture referred to, but the motion was never called to the attention of the court for action thereon, and no order was made purporting to set aside the forfeiture until February, 1914, more than five months after the commencement of the suit by the county attorney in the district court to collect the bond, at which time the county judge signed in chambers the original order purporting to set aside the forfeiture judgment. The order purporting to set aside the forfeiture purports on its face to have been made and signed January 5, 1914, and the clerk of the county court testifies that he was directed by the county judge to indorse the order as filed on the day of its date, January 5, 1914, which he accordingly did.

Section 6110, Rev. Laws 1910, reads as follows:

"If without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may

be just. After the forfeiture, the county attorney must proceed with all due diligence, by action against the bail upon the instrument forfeited. If money deposited instead of bail be so forfeited, the clerk of the court or the officer with whom it is deposited, must, immediately after the final adjournment of the court, pay over the money deposited to the county treasurer."

In the case of *W. L. Moody & Co. v. Freeman & Williams,* 24 Okla. 701, 104 Pac. 30, it is held that a judge in chambers possesses no jurisdiction to vacate judgments of a court of record; and there are numerous other decisions of this court to the same effect, except in cases provided by statute wherein judgments may be set aside at a subsequent term of court.

The setting aside of the forfeiture is the only defense set up in the answer of defendants below, and the void order above referred to setting aside the forfeiture is the only evidence offered by defendants below in support of such defense, and we think the trial court properly sustained the demurrer to defendants' evidence and instructed verdict for the plaintiff for the amount of the bond sued on. The defendants below offered no excuse why defendant Releford failed to comply with the conditions of his bail bond, and no excuse why motion was not filed to set aside the judgment of forfeiture at the July term, 1913, at which forfeiture was taken.

The defendants' contention in the trial court that the chambers order of the county judge setting aside the judgment of forfeiture constituted a valid defense to this action to recover on the forfeited bond has been so often and so long settled by the decisions of this court adverse to such contention that we think it is apparent the appeal herein was taken for delay only. The first ground in the motion of the defendants in error to dismiss the appeal will therefore be sustained. It is unnecessary to consider the other ground set out in the opinion.

The appeal is dismissed.

All the Justices concur.