## PUGH v. HILL.

No. 16282—Opinion Filed Feb. 9, 1926.

**1. Contracts—Action for Breach of Warranty—Action for Fraud Distinguished.**

An action for the breach of an express

warranty contained in a contract is based upon the contract, whereas an action for fraud, practiced in the execution of the contract. is based on a tort.

### 2. Sales—Breach of Express Warranty Not Waived by Part Payment and Giving Renewal Notes.

Part payment and the giving of renewal notes by the purchaser for the balance of the purchase price of personal property, with knowledge of a breach of an express warranty contained in the contract of sale, does not constitute a waiver of the breach of warranty.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Caddo County; Will Linn, Judge.

Action by John D. Pugh against G. W. Hill. Judgment for plaintiff, and from order granting new trial, he brings error. Affirmed.

A. J. Morris, for plaintiff in error.

Morgan, Osmond & Morgan, for defendant in error.

Opinion by JARMAN, C. The plaintiff, John D. Pugh, sold to the defendant, G. W. Hill, a second-hand automobile for $650, evidenced by two notes in the sum of $325 each. When the first note became due, the defendant paid the sum of $159.97 thereon. No further payments were made on said notes, and the same were renewed by the execution of a new note for the balance, and later a second renewal note was given, and the same not being paid at maturity, the plaintiff brought this action thereon to recover the sum of $587.94. The defendant in his answer admitted the execution of said notes and alleged that, in the contract of sale of said automobile, the plaintiff warranted that said automobile was in first-class condition and that it was in good running order and that it was a 1918 model, and further alleged that said representations were false and fraudulent and that the said warranties had been breached for the reason that said car, after delivery, was found to be not in good running order nor in first-class condition and was not a 1918 model; and the defendant sought to recoup his damages for a breach of warranty in the contract of sale of said automobile. The cause was submitted to a jury. The defendant assumed the burden of proof, and his evidence tended to show that the contract of sale of said automobile was procured through fraudulent representations on the part of the plaintiff and that the warranties in the contract of sale, as to the automobile being in first-class condition and in good running order and a 1918 model,

had been breached. The evidence on the part of the plaintiff disclosed that the defendant knew the true condition of said automobile at the time the payment of $159.97 was made on the original note and that he knew of this condition at the time he executed the renewal notes, including the note sued on. At the conclusion of all the evidence, the plaintiff moved for an instructed verdict, which was sustained, and judgment was rendered for the plaintiff on the theory that the defendant had waived the defense of breach of warranty and fraud by his making a payment on the purchase price of the car and executing renewal notes for the balance of said purchase price, after having full knowledge of the fraud and breach of warranty. Thereafter, the court granted the defendant a new trial, and from this order the plaintiff has appealed.

The sole question presented on appeal is whether the paying of part of the purchase price and the giving of renewal notes for the balance of the purchase price, with full knowledge of the fraud and of the breach of express warranty in the contract of sale of personal property, will estop the maker of the renewal notes from setting up the defense of fraud or breach of warranty. There is quite a distinction between an action or a defense based upon a breach of express warranty from that based upon fraud. An action for fraud practiced in the making of a contract is based on a tort. The fraud is not an element nor a part of the contract, but it is simply the wrongdoing of the seller that leads the purchaser into the making of the contract to his damage. 35 Cyc. 368d. The contract is voidable for the fraud practiced. If the contract is wholly executory, as in this case, a party cannot, after having obtained full knowledge of the fraud, continue to carry it out and demand performance from the other party and still maintain an action for the fraud practiced, for the reason that such acts ratify the voidable contract and condone the fraud. It is clear, therefore, that the defendant was estopped to assert a defense of fraud. An action or defense based upon a breach of express warranty contained in a contract is a very different proposition. An action for a breach of warranty is one based upon contract. The covenant of warranty in a contract of sale is one of the component parts thereof, and the parties have as much right to rely upon the same as any other portion of the contract. The knowledge of the purchaser that the contract has been breached or that the warranty has failed and his performing his part of the contract will not prevent him from recovering damages from

the vendor for his failure to perform his part of the contract or for a breach of his warranty. These questions are discussed at length in the case of Holcomb & Hoke Manufacturing Co. v. Jones, 102 Okla. 175, 228 Pac. 968.

The trial court properly held that the defense of breach of warranty was not waived by the defendant, and the order granting the defendant a new trial is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 369; 2 R. C. L. p. 750. (2) 35 Cyc. p. 433; anno. 16 A. L. R. 896; 22 A. L. R. 135; 24 R. C. L. p. 239; 5 R. C. L. Supp. p. 1277.