## A. & A. TAXICAB CO., Inc., v. McCAIN.

No. 26445.   Feb. 23, 1937.

Rehearing Denied March 30, 1937.

Short & Pierson and Hudson & Hudson, for plaintiff in error.

W. P. Morrison, A. L. Morrison, and John Morrison, for defendant in error.

GIBSON, J.   This is a personal injury action commenced in the district court of Oklahoma county by Winifred McCain against A. & A. Taxicab Company. Verdict and judgment were for defendant. From the order and judgment of the trial court sustaining plaintiff's motion for new trial, the defendant prosecutes this appeal.

The error complained of is "that the trial court clearly abused its discretion in sustaining plaintiff's motion for new trial, and that the discretion exercised by said trial court was arbitrary in nature and not legal in nature, because and for the reason that the record in this case shows there is not sufficient ground for the allowance of a new trial by the lower court."

A motion for new trial invokes the sound legal discretion of the trial court, and its order vacating and setting aside a judgment and granting a new trial will not be disturbed on appeal unless it is made to appear that the court in so doing clearly abused its discretion. St. L. & S. F. Ry. Co. v. Card, 37 Okla. 375, 132 P. 144; Carroll v. Morris, 143 Okla. 114, 287 P. 1039. Whether such discretion has been abused depends entirely upon whether the trial court acted arbitrar-

ily or erred in some pure, simple, and unmixed question of law.   Spruce v. C., R. I. & P. Ry. Co., 139 Okla. 123, 281 P. 586.

In the latter case we held as follows:

"Greater latitude is given the trial courts in sustaining motions for new trial than in overruling such motions.   The general rule is that the action of a trial court in sustaining a motion for new trial will not be disturbed by the appellate court unless the trial court has acted arbitrarily or has clearly abused its discretion, or has manifestly erred in some pure, simple, and unmixed question of law."

See, also, Lane v. O'Brien, 173 Okla. 475, 49 P. (2d) 171, and cases there cited.

In the instant case the record is silent as to the court's reasons for granting a new trial, and it is not required to indicate its reasons unless requested in due time so to do. Magnolia Petroleum Co. v. McDonald, 168 Okla. 255, 32 P. (2d) 909. In such case we will confine our review of the order to a consideration of the particular ground or grounds for sustaining the motion as set out in connection with the assignments of error, unless the defendant in error points to other grounds upon which the court may have sustained the motion and granted a new trial.

The assignments of error here, and the arguments in the briefs of both parties, are confined to the alleged ruling of the court upon the ground for new trial set out in the motion, to wit: That the verdict for defendant is not sustained by sufficient evidence.   It is urged that the trial court in sustaining the motion for new trial on that ground erred in respect to a pure, simple, and unmixed question of law.   In this connection it is said that the record reveals no evidence of negligence on the part of defendant, and that the court by sustaining the motion has adjudged there was evidence of negligence.

If there was no evidence of negligence, the trial court by granting plaintiff a new trial has erred in respect to an unmixed question of law, for the question whether there is any evidence constitutes a question of law (4 C. J. 668), and there is no question of fact involved.   Where plaintiff fails to produce any evidence to support his ground of recovery and verdict is for defendant, to sustain plaintiff's motion for new trial on the ground that the evidence does not support the verdict amounts to error of law, purely and simply, and constitutes an abuse of legal discretion on the part of the trial court.

Under the circumstances here, it has become the duty of this court to review the record for the one and only purpose of ascertaining whether or not the plaintiff did produce any evidence tending to establish the allegations of her petition. The primary question was the negligence of defendant resulting in plaintiff's injury. We find some evidence tending to establish that fact; and the trial court, after considering the somewhat conflicting evidence, has said that the plaintiff should have a new trial. In so doing the court has performed the duty incumbent upon it as defined in Rawleigh Co. v. Cate, 170 Okla. 38, 39, 38 P. (2d) 940, 941, as follows:

"It is not incumbent upon a trial court to render a judgment in accordance with every verdict of a jury. The trial court performs an essentially solemn function in the furtherance of justice. It must not be forgotten that it is an unyielding and obligatory duty of the trial court to carefully weigh the entire judicial proceedings, which have occurred throughout the trial, and, unless the verdict of the jury meets the responsive and affirmative approval and conscience of the court, it should not stand, and the same should be set aside, and a new trial granted."

That a verdict based upon conflicting evidence does not meet the "responsive and affirmative approval and conscience of the court" is a matter wholly within the knowledge and discretion of the trial court, and it is not within the province of the Supreme Court to say that such verdict did not satisfy the conscience of that court.

In the instant case there was no manifest and material error with respect to some pure, simple, and unmixed question of law, and the judgment is therefore affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and PHELPS, JJ., concur.