WILLIAMS et al. v. LONG BELL LBR. CO.

No. 33757.    June 13, 1950.

Rehearing Denied July 11, 1950.

*219 P. 2d 992.*

Wm. T. Powell and Funston Flanagan, both of Walters, for plaintiffs in error.

Lombardi, Robertson, Fligg & McLean, of Kansas City, Mo., and Walter Hubbell, of Walters, for defendant in error.

HALLEY, J. This is an action to foreclose a materialmen's lien. Long Bell Lumber Company, as plaintiff, sued Opal Foster Williams, whose husband, Cooper Williams, was permitted to intervene as a defendant. We shall refer to the parties as they appeared in the trial court.

Plaintiff alleged that it furnished the materials sued for under an oral contract with Opal Foster Williams for the erection of a small residence in the city of Walters, Oklahoma; that the materials were delivered and used and had not been paid for; and that plaintiff had filed its lien statement, as required by law, within 120 days from the date when the last material was furnished. After the evidence was in, plaintiff was permitted to amend its petition to allege that the materials were furnished under oral contract with Mrs. Williams, acting by and through her agent, N. Bouley.

Defendants denied that they ever made any contract for materials with the plaintiff, or that they owed the plaintiff any sum whatever.

The defendants demurred to the opening statement of the plaintiff on the ground that it failed to include an assertion that the materials were furnished under contract with the defendants. The court overruled defendants' demurrer.

At the conclusion of the evidence, the plaintiff obtained permission to amend, as above stated, and alleged that the contract for the materials was with Mrs. Williams, who acted through her agent, N. Bouley. The court announced judgment for defendants. A journal entry was presented to the court for his signature. It contained a finding that no contractual relationship between plaintiff and defendants existed, and that plaintiff had not complied with the subcontractors' provisions of our statutes requiring lien statement to be filed within 60 days. The court had announced judgment for the defendants on February 13, 1948. On March 26,

1948, the court made a notation on the journal entry presented by defendants to the effect that he refused to sign it, for the reason that he believed he was in error in his former decision of February 13th.

Plaintiff filed a motion for new trial, attaching thereto an affidavit of newly discovered evidence. A hearing on this motion was held in the forenoon of March 12th, and the court overruled the motion for new trial, and a notation of such action was made on the docket. The attorneys for the parties left the courtroom. The court heard some other matter, and then expressed a doubt as to the correctness of his ruling in overruling the motion for new trial. In the afternoon of the same day, but in the absence of the attorneys, the court directed the clerk to erase the notation made in the forenoon to the effect that he had overruled the motion for new trial, and to enter, in lieu thereof, a notation that such motion was "passed". The attorneys for defendants were called on the telephone and notified of this action. The motion for new trial was again taken up on March 26, 1948, when the court stated that he had become doubtful of the correctness of his former action in granting judgment for the defendants and in overruling the plaintiff's motion for a new trial, and granted such motion while the attorneys for the plaintiff were present.

When this action was commenced, Mrs. Opal Foster was single, but while the construction work was in progress she married Cooper Williams, who is the party who was permitted to intervene as a defendant.

The defendants have appealed from the order granting the plaintiff a new trial, and assign the following errors of the court:

(1) Error in failing to sustain defendants' demurrer to plaintiff's opening statement;

(2) Error in permitting plaintiff to amend its petition to allege a contract for the materials through an agent;

(3) Error in reversing ruling on motion for new trial in chambers and in the absence of the attorneys for the parties;

(4) Error in granting plaintiff a new trial.

As to the first of defendants' propositions, we say that the plaintiff's petition stated a cause of action, and the reply is sufficient. In the opening statement it was asserted that the material was furnished and went into the construction of the house of defendant Opal Foster Williams with her knowledge. We held in King v. Lane, 66 Okla. 304, 169 P. 901, L.R.A. 1918C, 351, that where the petition alleges a cause of action and the reply to the answer is sufficient, a motion by defendant for a peremptory instruction on the pleadings and opening statement of counsel for plaintiff should be denied, unless the opening statement contained admissions barring recovery. There were no such admissions in the case at bar. We have followed this rule in White v. Kimerer, 83 Okla. 9, 200 P. 430, and in Baker v. Broughton, 193 Okla. 656, 146 P. 2d 832.

Defendants next complain that the court erred in permitting the plaintiff to amend its petition to allege that its contract with the defendant was by and through her agent, N. Bouley, the contractor who built the house for her. We find that N. Bouley was asked the following question and made the following answer:

"Q. Now, when you began to construct this building, what arrangements did you have with Mrs. Foster with reference to the material? A. I asked Mrs. Foster to go down and haul out the material that I had to have and she says she didn't know what I needed, and she says for me to go down and get it, and I just went ahead then and got it and went to work there. Q. You got materials from time to time? A. Yes, sir."

In view of the foregoing testimony, we think the court committed no error

in permitting the plaintiff to amend. This question rested within the sound discretion of the trial court, and we cannot say that there was any abuse of discretion, even though the defendant, Mrs. Williams, testified that she had no contract with the plaintiff and that her contract was with Mr. Bouley, and that he was to furnish the materials. Under Bouley's testimony, Mrs. Williams was to furnish the materials, and his testimony may be fairly considered as evidence of her authorization for Bouley to buy the materials for her as her agent. If Mrs. Williams did in fact authorize him to acquire the materials for her, his agreement with the plaintiff as her agent would be binding on her. It is well established that amendments in pleadings to conform to the proof may be made within the trial court's discretion. Title 12, O.S. 1941 §317; Medaris v. Tracey, 170 Okla. 113, 39 P. 2d 30.

It is further contended that the court erred in reversing its ruling denying plaintiff a new trial. As we have stated above, the trial judge did announce in the presence of the attorneys for the parties that plaintiff's motion for a new trial would be overruled. Shortly thereafter, he doubted the correctness of this ruling, and instructed the clerk to substitute for his first order a notation that the motion for a new trial was "passed". The attorneys for the defendants were notified by telephone of this action. Neither of the attorneys was present when the court instructed the clerk to enter a notation that the motion for new trial was "passed".

Defendants rely upon Releford v. State, 45 Okla. 433, 146 P. 27, and W. L. Moody & Co. v. Freeman and Williams, 24 Okla. 701, 104 P. 30, in support of their contention that the court had no jurisdiction to enter the order vacating his order overruling the plaintiff's motion for a new trial, and passing the motion for further hearing on March 26, 1948. These cases are distinguishable from the one under consideration since in the case at bar the order granting a new trial was not made in chambers. On March 26, 1948, the trial judge stated, "I think I should grant a new trial", to which ruling the defendants' attorney excepted and made his record for appeal. Later the trial judge made a statement as to his actions in the case and why. This statement revealed definitely that he was not satisfied with his original judgment and that a new trial should be had. The action of the trial court in granting a new trial during term is usually sustained. We said in Burke Greis Co. v. Ballard et al., 200 Okla. 341, 193 P. 2d 582:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court erred in its view of some pure, simple, and unmixed question of law or that it has acted arbitrarily or capriciously."

In the case of In re Baptist General Convention of Oklahoma, 201 Okla. 215, 203 P. 2d 885, the syllabus is as follows:

"1. The inherent common-law power of courts over their judgments during the term at which they are rendered is not impaired by statutes prescribing the ground for new trials.

"2. Granting a new trial is a proper method of vacating a judgment."

Only recently we said, in Selected Investments Corp. v. Bell et al., 201 Okla. 408, 206 P. 2d 989:

"A court of general jurisdiction has full control over its judgments during the term at which they are rendered and may for good cause shown and in the exercise of its sound discretion vacate and set aside such judgments and this power is not dependent upon any statute but is inherent in the court."

As heretofore indicated, it has long been an established rule in this state that during the term in which an order or judgment is rendered, the trial court has authority, as expressed in section 1031, Title 12, O. S. 1941, to vacate or modify its judgments or orders under the nine conditions set forth, and it

has also been recognized that under the common law, a trial judge has control over his judgments and orders during the term in which rendered and may, upon a motion of the parties or upon his own motion, vacate or modify such judgments or orders. We find no abuse of discretion by the court in this case, and conclude that his actions in setting aside his order denying a new trial, and in granting the new trial, were within his sound judicial discretion.

The judgment is therefore affirmed.

ARNOLD, V.C.J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.