John M. FOLTZ and Joe Earl Stump, Plaintiffs in Error,

v.

Moody A. NICHOLSON, Defendant in Error.

No. 37990.

Supreme Court of Oklahoma.

July 8, 1958.

Rucker, Tabor & Cox, Tulsa, for plaintiffs in error.

R. M. Mountcastle, Muskogee, for defendant in error.

CARLILE, Justice.

This is an appeal by John M. Foltz and Joe Earl Stump, defendants, from an order of the District Court of Muskogee County granting the plaintiff, Moody A. Nicholson, a new trial in an action to recover damages arising from an automobile collision. The jury returned a verdict denying the plaintiff any recovery and also denied defendants any recovery on their cross-petition. In granting plaintiff a new trial the trial judge stated in part as follows:

> "I don't believe there was any evidence in this case to justify submitting either last clear chance or unavoidable accident or casualty. * * * I just don't see that there is any question here but that I have to grant a new trial in this case on account of the error in the instructions."

Defendants' counsel inquired of the court:

> "Then, if your Honor please, do I understand that it is only because of the instruction—
>
> "The Court: No, I also thoroughly disagree with the verdict of the jury. I just can't imagine them returning that verdict. * * *"

The parties will be referred to the same as they were in the District Court.

Plaintiff alleged that in the forenoon of May 12, 1953 he was driving his automobile from Vinita to Muskogee. His wife was with him. When he reached a point on Highway 69, about a mile south of the Arkansas River bridge, the defendant, Joe Earl Stump, driving an automobile owned by his employer, John M. Foltz, a defendant, was parked on the shoulder of the east side of the highway, headed north, and that a moment before plaintiff was immediately opposite the said Joe Earl Stump he, Stump, suddenly turned his car to the left immediately in the path of plaintiff's car, without giving any warning of his intention to make a U turn or to turn into a private road on the west side of the highway, not an intersection; that the movement of the defendant's car was so rapid and without warning that plaintiff did not have time to stop his car or avoid in any way the collision which followed; that his automobile crashed into the side of defendant's car, resulting in serious injuries to plaintiff and his wife.

The defendants' answer contained a general denial and alleged unavoidable casualty through no fault of theirs, and alleged negligence on the part of plaintiff in his failure to properly operate his automobile and in failing to yield the right of way; that as a result of plaintiff's negligent acts the defendant was confronted with an emergency and used his best judgment to avoid the accident. The defendants, by cross-action, realleged negligence by the plaintiff and prayed judgment for damages to defendant's car.

The following questions to the defendant, Stump, and his answers thereto show his view of the circumstances and situation at and immediately preceding the collision:

"Q. Were there any cars following you? A. Yes, sir.

"Q. That was at the time you came up to this point where you were going to turn? A. Yes, sir.

"Q. What did you do? A. I pulled off the highway and stopped.

"Q. You pulled off the highway to the right and stopped? A. Yes.

"Q. And let those cars go on by? A. That's right.

"Q. Then what did you do? A. I looked both ways.

"Q. You were going to turn to the west at that point? A. That's right.

"Q. Did you see any cars coming from either direction? A. No, sir.

"Q. Then what happened or what did you do? A. Well, the front end of my car was just off the pavement on the west side of the road when it happened. I didn't know there was another car anywhere near there until it happened.

"Q. What part of your car was struck? A. The right front part.

"Q. The right front door? A. That's right."

▆▆ The defendants present their assignments of error on the propositions that the court abused its discretion in granting a new trial; that the evidence justified the submission to the jury of the defense of unavoidable accident, and that the instruction pertaining to last clear chance did not necessitate a new trial. The defendants concede in their brief that a motion for a new trial is addressed to the sound legal discretion of the trial court, and where a motion is sustained every presumption will be indulged in support of the court's action, but assert that the verdict rendered in the case at bar was justified and that the court erred in granting a new trial. The general rule with respect to the granting or denial of a new trial is stated in the following cases:

"[The] trial court is vested with broad discretion in granting or denying new trial, and its action in granting new trial will not be disturbed on appeal unless it clearly appears that court erred in some pure, simple and unmixed question of law, or, that it acted arbitrarily, or capriciously." Oklahoma City v. Drinkwater, Okl., 271 P.2d 1108, 1109.

Burke Greis Co. v. Ballard, 200 Okl. 341, 193 P.2d 582, holds:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court erred in its view of some pure, simple, and unmixed question of law or that it has acted arbitrarily or capriciously.

"The mere fact that the evidence adduced upon the trial was such that reasonable minds might differ as to the existence of primary negligence does not constitute a sufficient showing that the trial court abused its discretion in granting a new trial."

In support of their theory defendants cite Hansen v. Cunningham, Okl., 285 P.2d 432, and Fry v. Alexander, Okl., 290 P.2d 397, wherein this court reversed the action of the trial court in granting new trials. In Hansen v. Cunningham, supra [285 P.2d 435], the opinion states:

"No reason was given for the trial court's ruling. Careful examination of this record discloses nothing more than that matters involved were submitted to, and determined by a jury under evidence which reasonably supported the verdict. The only justifiable conclusion under such circumstances is that the trial court's action was arbitrary and capricious, rather than an exercise of the sound legal discretion ordinarily vested in a trial court."

The opinion in Fry v. Alexander, supra [290 P.2d 400], states:

"We have examined not only the evidence but also the trial proceedings as a whole. We find no error either in the instructions or elsewhere in the record that can be held prejudicial to plaintiff or valid ground for setting aside the jury's verdict."

The record in the present case differs materially from the record in the cases cited and relied upon by defendants, and the evidence in the case at bar does not justify a conclusion and holding similar to the cases relied upon. Defendants state that the court's action in granting a new trial was apparently directed by its feeling upon the issue of contributory negligence, but they do not point out anything in the record to justify such statement, and we observe none. The trial court, in granting a new trial, made no reference to such issue and stated specifically that he considered the instructions pertaining to unavoidable accident and last clear chance erroneous, and that he thoroughly disagreed with the verdict.

From a consideration of the record as a whole we are unable to say or hold that the trial court acted arbitrarily or capriciously in granting a new trial.

■■■ The defendants further assert that the evidence justified the submission to the jury of the defense of unavoidable accident and suggests that the visibility must have been such that vision was not good for either the plaintiff or defendant. There was evidence that it had been, or was, raining at the time of the accident, but there was no evidence that visibility was not good. The testimony of the highway patrolman who investigated the accident was that the highway was level and that he could see a distance of a mile or more north along the highway.

The Court, in its Instruction No. 6, advised the jury:

"If you find that said accident was simply an unavoidable accident, then your verdict should also be for the defendant."

We have considered the evidence and circumstances and conclude, as did the trial court in granting a new trial, that there was no evidence to justify or sustain a finding that the accident was an unavoidable accident and it is apparent that the court erred in submitting the issue to the jury. The instruction was also insufficient in that it failed to inform the jury as to what constituted an unavoidable accident. Huey v. Stephens, Okl., 275 P.2d 254, 255, holds:

"An 'unavoidable accident' is one which occurs while all persons con-

cerned were exercising ordinary care, being one not caused by the fault of any of the persons, and if the accident could have been prevented by either person by means suggested by common prudence, it is not deemed unavoidable.

"An instruction that the verdict should be for defendant if jury found collision was the result of an unavoidable accident where there was no evidence establishing the accident as 'unavoidable' was, as the present case was submitted, prejudicial error."

The third proposition advanced by defendants is that the instruction on last clear chance did not necessitate a new trial. We have much doubt as to the correctness of the instruction or the effects of the same, as contended by the defendants. They apparently concede that the instruction is erroneous, but contend that it did not harm plaintiff. However, we deem it unnecessary to discuss and determine whether or not the instruction was unwarranted and constituted reversible error, because we conclude and hold herein that the giving of the instruction on unavoidable accident constituted material error and was prejudicial to plaintiff, and when considered with the trial court's disproval of the verdict, justified the action of the trial court in granting the motion for a new trial.

"Where a motion for new trial is granted, a showing for reversal should be much stronger than where a new trial is denied." Hildebrand v. Harrison, Okl., 263 P.2d 174.

We hold that the action of the trial court in sustaining the motion for a new trial was not arbitrary or capricious, nor did the court err in some pure, simple and unmixed question of law.

Order of the District Court is sustained.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.