M. Jerry MOUNTS, Jr., and Nichola L. Mounts, Appellants,

v.

Linda S. PARKER, an individual, and Don Timberlake, as Executor of the Estate of Richard J. Parker, Deceased, Appellees.

No. 62499.

Supreme Court of Oklahoma.

Oct. 21, 1986.

Istook & Associates, P.C. by Ernest J. Istook and Mark A. Wright, Oklahoma City, for appellants.

Lamun, Mock, Featherly, Baer & Timberlake by Don J. Timberlake, Oklahoma City, for appellees.

LAVENDER, Justice:

Appellants, the Mounts, signed a purchase contract to buy a house owned by appellee Linda S. Parker on April 22, 1981. The contract contained the following provision:

HOME WARRANTY: Subject property to be covered by One Year builder home warranty protection.

Cost of said warranty to be paid by Seller

The sale of the house under the contract was closed in July of 1981. Appellants subsequently discovered structural defects in the foundation of the house in the Spring of 1982. Although appellants attempted to give notice of the defects to the realtors who had handled the sale for appellees at that time, they were unsuccessful in doing so. Notice of the defects was not given to appellees until March of 1983. Appellants initiated the present action to recover damages for breach of the express warranty and alleged implied warranties approximately one month later.

This matter was set for jury trial. However, after the jury was empaneled and sworn, appellees presented a motion for directed verdict to the trial court following appellants' opening statements. The trial court granted the motion and entered judgment for appellees on the ground that the facts admitted in appellants' opening statements established that notice of the defects had not been given to appellees within a reasonable time and that this precluded appellants' recovery.

Appellants challenged this action. On appeal, appellants argued that the trial court erred in imposing an arbitrary standard of what constitutes reasonable notice and in taking the question of what constitutes reasonable notice from the jury. Appellants also argued that it was error for the trial court to grant the motion on opening statement following the overruling of appellees' demurrer to appellants' pleadings, citing *Harrell v. Horton*.[1]

The Court of Appeals, Division I, to which this matter was initially assigned, affirmed the trial court's ruling, finding that the question of reasonableness of notice in this case was a question for the trial court. The Court of Appeals also found that admissions of fact made in appellants' opening statement contravened the pleadings which had been held good as against appellees' demurrer and thus precluded appellants from relying on the rule stated in *Harrell v. Horton*. Appellants petitioned this Court for writ of certiorari to obtain review of the Court of Appeals' decision. We have previously granted the requested writ.

■ An action for the breach of an express warranty contained in a contract is an action based on the contract.[2] As such, the limitations period for breach of the express warranty would be governed by the provisions of 12 O.S.1981 § 95 (first), allowing five years for an action on a contract in writing. Contrary to the arguments presented by appellees to the trial court, although the warranty itself only covered a one year period, an action based on a breach of warranty occurring within that one year could properly be brought within five years of the breach.[3]

■ The trial court and the Court of Appeals appear to have based their decisions upon the conclusion that notice of the defects had to be given within a certain period. In reaching that conclusion both courts relied on inapplicable law. One case relied on by both the trial court and the Court of Appeals, *Necho Coal Co. v. Denise Coal Co.*,[4] dealt with a matter under the Pennsylvania Sales Act of 1915. That legislation dealt with sales of goods and was superceded by Pennsylvania's adoption of the Uniform Commercial Code effective July 1, 1954.[5] Pennsylvania Sales Act of 1915 contained a provision specifically requiring that notice of breach of warranty be given within a reasonable time after knowledge of the breach.[6] As stated, however, this legislation applied only to the context of sale of goods. In this context the Pennsylvania Supreme Court stated that the trial court could determine reasonableness when the facts were undisputed. Similarly, the case cited by the Court of Appeals, *American Fertilizer Specialists, Inc. v. Wood*,[7] deals with 12A O.S.1981 § 2–607(3)(a), a provision in our own commercial code requiring notice of breach of warranty in a situation involving the sale of goods. The fallacy of the trial court's and the Court of Appeals' decision lay in the application of these statutory provi-

1. 401 P.2d 461 (Okla.1965).

2. *Pugh v. Hill*, 117 Okla. 22, 244 P. 1113 (1926); and see *Uptegraft v. Home Ins. Co.*, 662 P.2d 681 (Okla.1983).

3. See *Au v. Au*, 63 Hawaii 210, 626 P.2d 173 (1981).

4. 387 Pa. 567, 128 A.2d 771 (1957).

5. 12A P.S. § 1–101 et seq.

6. 69 P.S. § 259.

7. 635 P.2d 592 (Okla.1981).

sions to a situation involving a contract for the sale of real estate. A situation to which they specifically do not apply.[8]

The contract entered into by appellants and appellees did not contain a provision mandating that notice of defects occurring within the period covered by the express warranty had to be given within a specific time period. No authority has been brought to our attention which would justify the imposition of such a term upon the contract as a matter of law. In fact, appellees have failed to cite any authority in support of the trial court's ruling.

This Court stated in syllabus in the case of *Williams v. Long Bell Lumber Co.*:[9]

Judgment on opening statement of counsel will be granted only where such statement positively affirms or admits facts clearly precluding recovery by plaintiff, or clearly showing no defense by defendants to cause of action alleged by plaintiff.

In the present case the admission by appellants that actual notice of defects was not given to appellees until nine months after the end of warranty period was not sufficient, as a matter of law, to preclude recovery. The opinion of the Court of Appeals, Division I, is *VACATED.* The judgment of the trial court is *REVERSED* and the cause is *REMANDED* to the trial court for further proceedings.

All the Justices concur.

---

8. See 12A O.S.1981 §§ 2–102, 2–105 and 2–304.　　9. 203 Okla. 250, 219 P.2d 992 (1950).