2011 OK 28

**Peter Andrew CLARK,**
**Petitioner/Appellant,**

v.

**Jamie Michelle Clark EDENS,**
**Respondent/Appellee.**

No. 108,187.

Supreme Court of Oklahoma.

April 12, 2011.

**674**

Andrew B. Morsman, P. Gae Widdows, Bonham & Howard, PLLC, Tulsa, Oklahoma, for Petitioner/Appellant.

Robert Perugino, Lawrence R. Murphy, Jr., Robinett & Murphy, Tulsa, Oklahoma, for Respondent/Appellee.

REIF, J.:

¶ 1 This case concerns a dispute between divorced parties over the ex-husband's paternity of a child born during the marriage. The parties, Peter Andrew Clark and Jamie Michelle Clark Edens, were married from October 10, 1998, until their divorce on September 6, 2002. Ms. Edens gave birth to one child, M.A.C., on January 8, 2001, during the parties' marriage. Mr. Clark contends he is the presumptive father of the child under 10 O.S.2001 § 2(A)(1)[1], notwithstanding a finding in the divorce decree that "there are No child(ren) of this marriage."

¶ 2 Mr. Clark sought a declaratory judgment that he is the presumptive father of M.A.C. based upon (1) M.A.C.'s birth during the marriage, (2) the designation of Mr. Clark as M.A.C.'s father on the birth certificate, and (3) his payment of child support and exercise of visitation from the time of the divorce in September 2002 to June 2009, when Ms. Edens discontinued visitation. Ms. Edens resisted the declaratory judgment based on (1) a genetic test within two years of M.A.C.'s birth showing Mr. Clark was not the biological father, (2) a divorce petition filed by Mr. Clark (later dismissed) that stated, "Of the marriage, no children have been born," and (3) the "no children" finding in the divorce decree that was entered upon her petition and Mr. Clark's waiver.

¶ 3 The trial court denied declaratory relief to Mr. Clark, ruling (1) the divorce petition filed by Mr. Clark was a waiver of his claim to paternity, and (2) the decree of divorce rebutted any presumption of paternity that might otherwise have existed. The Court of Civil Appeals affirmed. Upon certiorari review, we conclude that Mr. Clark is entitled to the declaratory relief.

¶ 4 A declaratory judgment suit may be either legal or equitable, depending upon the essential nature of the case. *Carpenter v. Carpenter*, 1982 OK 38, ¶ 17, 645 P.2d 476, 481. When the declaration and

1. In 2006, this statute was repealed when Oklahoma adopted the Uniform Parentage Act, 10 O.S. Supp.2006 §§ 7700–101 through 7700–902. The Legislature has since added 10 O.S. Supp. 2010 § 7800, codifying presumptions on custody and encouraging the use of written agreements, preferably by mediation, to document the scope of the legal and physical custody of the respective parents. The new statute governing presumption of paternity is found in 10 O.S. Supp.2006 § 7700–204. The case at hand is governed by 10 O.S.2001 § 2, and other statutory law in effect when the child was born, when the divorce petitions were filed, and when the decree of divorce was granted. The pertinent provisions of Section 2 state:

> A. Except as otherwise provided by Section 215 of Title 84 of the Oklahoma Statutes, a man is presumed to be the natural father of a child for all intents and purposes if:
> 1. He and the child's natural mother are or have been married to each other and the child is born during the marriage, or within ten (10) months after the termination of the marriage by death, annulment, declaration of invalidity, divorce or dissolution, or after a decree of separation is entered by a court. A child born before wedlock becomes legitimate by the subsequent marriage of his parents even if the marriage is, was or could be declared invalid. Any child born within the ten-month period specified in this subsection which is born during a subsequent marriage to another person shall be presumed to be the legitimate child of that subsequent marriage.

relief sought deal with interests cognizable in equity, the declaratory relief claim will be treated as one in equity. *Id.* The clarification of rights and duties under a divorce decree affects interests of equitable cognizance. *Id.*

■ ¶ 5 Once invoked in a proper proceeding, equity will administer complete relief on all issues formed by the evidence regardless of whether the pleadings specifically tendered them for resolution. *Estate of Bartlett,* 1984 OK 9, ¶ 4, 680 P.2d 369, 374. Whenever possible, an appellate court must render or cause to be rendered, that judgment which in its opinion the trial court should have rendered. *Id.*

■ ¶ 6 The relief sought by Mr. Clark is in the nature of a judicial declaration of rights under a divorce decree, much like the father's quest for relief in *Carpenter.* Although *Carpenter* involved a foreign divorce decree, we agree with Justice Doolin's special concurring comment that good reasons exist to generally permit declaratory judgments where a party's rights or duties determined by a prior judgment have become ambiguous. *Carpenter,* 1982 OK 38, ¶ 8, 645 P.2d at 484 (Doolin, J., specially concurring). Mr. Clark basically argues that the finding "there are No child(ren) of the marriage" is uncertain in its effect because it does not resolve the parties' rights and duties to a child who was, in fact, born during the marriage. We agree.

¶ 7 In a divorce case, statutory law directs that a party seeking a divorce "must state whether or not the parties have minor children of the marriage." 43 O.S.2001 § 112(A).[2] The reason for this requirement is that the court must make provision for the guardianship, custody, medical care, support education, and visitation concerning such children. 43 O.S.2001 § 112(A)(1) and (2). A pleading or other representation that in-

forms the court that there are no children of the marriage simply removes such issues from determination.[3] As a consequence, the parties' rights and duties to any undisclosed children go unadjudicated. A finding in a divorce decree that there are no children of the marriage would not necessarily resolve the parties' relationship to an undisclosed child born during the marriage and subject to the statutory presumption of paternity.

¶ 8 In addition, the finding that "there are No child(ren) of the marriage" cannot preclude Mr. Clark from enforcing the statutory presumption of paternity, because the issue of his paternity for any children born during the marriage was not before the court or actually litigated. The divorce was granted upon Ms. Eden's petition and Mr. Clark's waiver. The Court of Civil Appeals has held that a finding of no children born of the marriage does not preclude the husband from establishing paternity to a child who was, in fact, born during the marriage where the issue of paternity was not actually litigated. *See Cornelius v. Cornelius,* 2000 OK CIV APP 124, 15 P.3d 528.

¶ 9 Based on the foregoing considerations, Mr. Clark was entitled to declaratory relief that the divorce decree did not preclude him from enforcing the presumption of paternity under 10 O.S.2001 § 2(A)(1). Accordingly, we conclude that the trial court erred in ruling that the divorce decree rebutted the presumption of paternity.

■ ¶ 10 In denying declaratory relief, the trial court also ruled Mr. Clark waived his claim of paternity by filing a petition (later dismissed) that stated "Of the marriage, no children have been born." Even though this allegation is certainly inconsistent with Mr. Clark's present claim of presumptive paternity, this allegation was not an effective waiver of the presumption of paternity.

■ ¶ 11 First, the parents are not the only parties affected by the presumption of

---

2. The current version of the statute, 43 O.S. Supp.2010 § 112, also requires that a petition for a divorce must state whether or not the parties have minor children of the marriage, and if there are minor children, the court must make provisions for their benefit.

3. The case in which the divorce decree was entered was Tulsa County divorce case FD–2002–3504. The docket sheet for the case reflects that

the clerk docketed the case as "Divorce Without Minor Children." The docket sheet further reflects that the decree was entered less than one month after the case was filed. If the pleadings or evidence in this case had disclosed children born of the marriage, the trial court could not have granted the divorce in this short time frame. 43 O.S.2001 § 107.1(A)(1).

paternity. The presumption is a matter of public policy intended for the benefit and protection of children "born during the marriage." A right based on a statute that contains provisions founded upon public policy cannot be waived by a private party, if such waiver thwarts the legislative policy the statute was designed to effectuate. *Parker v. Ind. Sch. Dist. I–003 of Okmulgee County, Oklahoma,* 82 F.3d 952, 954 (10th Cir.1996).

¶ 12 Additionally, the equitable principle of waiver cannot be invoked where the Legisla-ture has provided a specific procedure by which a husband can deny paternity. The statutory procedure applicable to the case at hand was set forth in 10 O.S.2001 § 70(B)(1)(6),[4] and contemplated a denial of paternity to a specific child. It also contemplated the filing of the denial with the Office of the State Registrar of Vital Statistics to amend the birth certificate. A husband's general allegation in a divorce petition that no children are born of the marriage does not serve the purposes of the denial of paternity authorized by § 70(B)(1)(b).

4. Title 10 O.S.2001 § 70, in effect at the time of the birth of the child states:

A. Except as otherwise provided by law, a woman who gives birth to a child is the natural mother of the child.

B. Paternity may be established by:

1. A notarized written statement of the father and mother acknowledging paternity pursuant to Section 1–311.3 of Title 63 of the Oklahoma Statutes. A statement acknowledging paternity shall have the same legal effect as an order of paternity entered in a court or administrative proceeding.

a. The statement may be rescinded by the mother or acknowledging father within the earlier of:

(1) sixty (60) days after the statement is signed by filing a signed rescission of affidavit acknowledging paternity form with the Office of the State Registrar of Vital Statistics, or

(2) the date of an administrative or judicial proceeding relating to the child, including but not limited to a proceeding to establish a support order, in which the signatory is a party.

After the sixty-day period referred to in division (1) of this subparagraph, a signed voluntary acknowledgment of paternity may be challenged in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger. Legal responsibilities, including but not limited to child support obligations, of any signatory arising from the acknowledgment shall not be suspended during the challenge, except for good cause shown.

This subparagraph shall not be interpreted to authorize the rescission of an acknowledgement of paternity if such rescission would be prohibited under applicable federal law.

b. (1) If the mother was married at the time of conception or birth, and her husband is not the natural father of the child, the husband may sign a husband's denial of paternity form, which must be filed along with the affidavit acknowledging paternity.

(2) The rescission of affidavit acknowledging paternity and the husband's denial of paternity forms shall be prescribed by the Department of Human Services and made available at the same locations as the affidavit acknowledging paternity provided for in Section 1–311.3 of Title 63 of the Oklahoma Statutes;

2. Scientifically reliable genetic tests, including but not limited to blood tests;

3. District or administrative court order; or

4. As otherwise provided by law.

C. 1. If the person signing the acknowledgment of paternity is determined in an administrative or judicial proceeding not to be the father of the child, on the basis of fraud, duress or material mistake of fact pursuant to subsection B of this section, the Department of Human Services, the Office of Administrative Hearings: Child Support, or the court shall dismiss any pending court or administrative collection proceedings against the father and the father will be released from any court-ordered or Department-ordered payments for the support and maintenance of the child.

2. The State Registrar of Vital Statistics shall remove the name of the person listed as the father from the birth certificate upon notice from the Department that such person has been judicially or administratively determined not to be the father. Once paternity is established, the State Registrar of Vital Statistics shall correct its records and amend the birth certificate to reflect the father's name.

D. Proceedings to establish paternity may be brought in the appropriate district court or through the Department. Proceedings may be brought by the mother, father, guardian, or custodian of the child, the Department, the district attorney, a public or private agency or authority chargeable with the support of the child, or by the child. The court, after determining paternity in a civil action, shall enter an order providing for the support and maintenance of the child. The social security numbers of both parents and the child shall be included on the summary of support order form provided for in Section 120 of Title 43 of the Oklahoma Statutes which shall be submitted to the Central Case Registry as provided for in Section 112A of Title 43 of the Oklahoma Statutes. The district court may further make provision for custody and visitation based upon the best interests of the child.

E. An action to establish paternity shall be available to a child if commenced within one (1) year after the child reaches the age of eighteen (18).

¶ 13 Finally, the "no children" allegation in Mr. Clark's divorce petition did not constitute a waiver in the sense of judicial estoppel. A party is not barred by judicial estoppel from asserting a position in a subsequent case that is different from an allegation made in a petition filed in a previous case where the previous case is dismissed without granting any relief. *Harrell v. Horton,* 1965 OK 61, 401 P.2d 461. Accordingly, the trial court erred in ruling Mr. Clark waived his claim of paternity.

¶ 14 In reaching the foregoing conclusions, we are cognizant the parties agree a genetic test was performed within two years of M.A.C.'s birth and that this test excluded Mr. Clark as the biological father of M.A.C. We are also cognizant that paternity "may" be established by genetic tests. 10 O.S.2001 § 70(B)(2). However, these circumstances are not in and of themselves sufficient to deny Mr. Clark (and M.A.C.) the benefit of the presumption of paternity.

¶ 15 First, the record is devoid of any information about the genetic test in question other than the parties' agreement that there was a test and the results. More importantly, Ms. Edens did not present the test to a court or administrative tribunal to establish parental obligations on the part of the natural father. Instead, she acted as if the genetic test did not exist and allowed Mr. Clark to continue in a parental role. For almost seven years after their divorce, Ms. Edens allowed Mr. Clark visitation and accepted support from him in the form of monetary payments and insurance coverage for M.A.C. Under the facts of this case the equitable concept of estoppel should be applied to prevent Ms. Edens from asserting the genetic test at this time as a ground for rebutting the presumption of paternity.[5]

¶ 16 Between Mr. Clark and Ms. Edens, equity calls for the presumption of

Mr. Clark's paternity for M.A.C. to be recognized and enforced under the facts and circumstances of this case. We hold and declare that Mr. Clark is entitled to exercise parental rights to M.A.C. based upon the child's birth during the marriage, the presumption of paternity set forth in 10 O.S.2001 § 2(A)(1), and Ms. Edens' conduct in allowing the continuation of a parental relationship between Mr. Clark and M.A.C. for seven years after the parties' divorce. Given the fact that the divorce decree did not adjudicate issues regarding custody, support and visitation, the trial court on remand is directed to do so upon notice and hearing under the power granted in 12 O.S.2001 § 1655.[6] We direct the trial court to appoint a guardian ad litem at the expense of the parties to represent the child in further proceedings. Until the trial court can determine what is in the best interests of the child regarding custody, support and visitation, the parties shall continue the status quo established by their agreement with regard to custody, support and visitation. The trial court may also enforce the status quo established by the parties' agreement under the power granted in 12 O.S.2001 § 1655.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.**

¶ 17 COLBERT, V.C.J., WATT, EDMONDSON, REIF, COMBS, and GURICH, JJ., concur.

¶ 18 KAUGER, J., concurs in result.

¶ 19 TAYLOR, C.J., and WINCHESTER, J., dissent.

5. Estoppel is a legal concept which bars a party from alleging certain rights because of the party's voluntary conduct. *Hoar v. Aetna Casualty and Surety Co.,* 1998 OK 95, ¶ 13, 968 P.2d 1219, 1222.

6. Title 12 O.S.2001 § 1655 states: "Further relief based upon a determination of rights, status, or other legal relations may be granted whenever

such relief becomes necessary and proper after the determination has been made. Application may be made by petition to any court having jurisdiction for an order directed to any party or parties whose rights have been determined to show cause why the further relief should not be granted forthwith, upon reasonable notice prescribed by the court in its order."