2014 OK CIV APP 82

**In re the Marriage of Jamie Michelle CLARK, Petitioner/Appellant,**

v.

**Peter Andrew CLARK, Respondent/Appellee.**

**No. 111,861.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 14, 2014.

April Seibert, Seibert Law, P.L.L.C., Tulsa, Oklahoma, for Appellant.

P. Gae Widdows, Mark T. Hamby, Katherine R. Morelli, Bonham & Howard, P.L.L.C., Tulsa, Oklahoma, for Appellee.

LARRY JOPLIN, Presiding Judge.

■ ¶ 1 Petitioner/Appellant Jamie Michelle Clark (Mother) seeks review of the trial court's order denying her motion to reconsider after denying her motion to reduce an alleged child support arrearage to judgment in the divorce action against Respondent/Appellee Peter Andrew Clark (Father). In this proceeding, Mother asserts the trial court erred as a matter of law and fact in refusing to grant her judgment for child support due from Father for the five years prior to the date of the adjudication of his paternity of the parties' minor child.

¶ 2 Mother and Father married on October 10, 1998. *Clark v. Edens,* 2011 OK 28, ¶ 1, 254 P.3d 672, 674. During the marriage, one child was born. *Id.* By consent decree September 6, 2002, the parties divorced, and the decree recited there were no children of the marriage. *Id.* Thereafter, and even absent an order of the court, Father voluntarily paid child support and exercised visitation with the minor child as the parties had agreed.

¶ 3 In June 2009, Mother denied Father visitation, and Father stopped paying child support. Father filed a motion to modify and for order nunc pro tunc, seeking joint custody of the child, visitation, and a determination of child support. Mother filed a motion to dismiss, admitted that Father had paid child support and exercised visitation, but denied that Father was the biological father of the minor child.[1]

¶ 4 Father asserted he was the presumptive father of the child, and commenced a separate declaratory judgment action to so determine. *Clark,* 2011 OK 28, ¶ 2, 254 P.3d at 674. The trial court denied declaratory relief to Father, and the Court of Civil Appeals affirmed. *Clark,* 2011 OK 28, ¶ 3, 254 P.3d at 674. On Father's petition for certiorari, by opinion filed April 12, 2011, the Oklahoma Supreme Court reversed, holding Father "was entitled to declaratory relief that the divorce decree did not preclude him from enforcing the presumption of paternity under 10 O.S.2001 § 2(A)(1)," and:

Between [Father] and [Mother], equity calls for the presumption of [Father's] paternity for [the parties' minor child] to be recognized and enforced under the facts and circumstances of this case. We hold and declare that [Father] is entitled to exercise parental rights to [the parties' minor child] based upon the child's birth during the marriage, the presumption of paternity set forth in 10 O.S.2001 § 2(A)(1), and [Mother's] conduct in allowing the continuation of a parental relationship between [Father] and [the parties' minor child] for seven years after the parties' divorce. Given the fact that the di-

---

1. It was alleged that the minor child was later determined to be the biological offspring of Mother and Father's brother.

vorce decree did not adjudicate issues regarding custody, support and visitation, the trial court on remand is directed to do so upon notice and hearing under the power granted in 12 O.S.2001 § 1655. We direct the trial court to appoint a guardian ad litem at the expense of the parties to represent the child in further proceedings. Until the trial court can determine what is in the best interests of the child regarding custody, support and visitation, the parties shall continue the status quo established by their agreement with regard to custody, support and visitation. The trial court may also enforce the status quo established by the parties' agreement under the power granted in 12 O.S.2001 § 1655.

*Clark,* 2011 OK 28, ¶¶ 9, 16, 254 P.3d at 675, 677. On remand, the trial court conducted a hearing and set Father's child support obligation in accord with the statutory child support guidelines.

¶ 5 Almost two years later, on February 13, 2013, Mother filed her motion to reduce arrearage to judgment, and sought an adjudication of past due child support from Father for the period between June 2009—when he stopped paying child support upon denial of visitation—and June 2011—when, on remand, the trial court set his child support obligation. On April 2, 2013, the parties appeared with counsel for a hearing, and both Mother and Father testified.

¶ 6 Father testified he voluntarily paid child support from 2002 to 2009 until Mother unilaterally denied him the visitation with the minor child to which the parties agreed, and which he had exercised since the parties' separation. Father further testified he paid child support as ordered by the trial court after remand by the Supreme Court in 2011. Father asserted he should not be required to pay child support for the period between 2009 and 2011 when he was denied visitation and a relationship with the minor child. Mother testified Father stopped paying child support in 2009, and admitted that she denied Father visitation with the minor child until after resolution of the appeal.

¶ 7 On consideration of the testimony and arguments, the trial court denied Mother's motion to reduce arrearage to judgment, announcing from the bench:

[B]ased on the history of this case, based on all the circumstances from the day of filing [of the] petition for divorce, which stated no children, ... I am denying the request for back child support and arrearage based on unclean hands, based on the misfiling under oath was not true ... [Mother] said there was no children of the marriage, which was incorrect, there was a child of the marriage. [Father] remained moot [sic] and didn't say, wait a minute, I got served this and it says no children. No, there is a child and then he starts fighting later.... So [I'm] denying the request for arrearage ... back to 2002 and finding it was all messed up based on misrepresentations to the Court ... under oath, sworn and not true....

On April 11, 2013, Mother filed a motion to reconsider, now seeking an arrearage of child support for the five years preceding the decision in the prior appeal. On April 15, 2013, the journal entry of judgment memorializing denial of the motion to reduce arrearage to judgment was filed. On April 30, 2013, the parties appeared for hearing on the motion to reconsider. Upon consideration of Mother's motion to reconsider and Father's objection, the trial court denied the motion to reconsider by journal entry of judgment filed May 15, 2013.

 ¶ 8 In her sole proposition on appeal, Mother argues that Oklahoma law requires "that liability for support provided before the determination of paternity *shall* be imposed for five years preceding the filing of the action" to determine paternity. 10 O.S. § 83(C). (Emphasis added.) Further, says Mother, the mandatory language of § 83(C) leaves the trial court no discretion to deny an adjudication of past due support for the five year period preceding the filing of the action to determine paternity. *See, e.g., Grimes v. City of Oklahoma City,* 2002 OK 47, ¶ 11, 49 P.3d 719, 724[2]; *Martin v. Brock,* 2001 OK CIV APP 145, ¶¶ 7–8, 55 P.3d 1095,

2. " 'May' denotes a permissive statute. 'Shall' signifies a mandatory directive or command."

1097–1098.[3] Mother thus asserts the trial court erred as a matter of law in denying her an adjudication of an arrearage of child support, calculated at the rate determined after remand, for the five years preceding the adjudication of Father's presumptive paternity.

¶ 9 A motion to reconsider filed within ten days of the date of the underlying decision may be regarded as a motion for new trial. *City of Broken Arrow v. Bass Pro Outdoor World, L.L.C.*, 2011 OK 1, ¶ 11, 250 P.3d 305, 311. "A trial court's denial of a motion for new trial—here denominated erroneously as a motion for reconsideration of the judgment—is reviewed for abuse of discretion." *Bank of· Oklahoma, N.A. v. Red Arrow Marina Sales & Service, Inc.*, 2009 OK 77, ¶ 11, 224 P.3d 685, 693. (Footnote omitted.) "A trial court abuses its discretion when it errs with respect to a pure, unmixed question of law." *Id.*

¶ 10 Section 83 of title 10, O.S., clearly applies in proceedings to determine paternity. However, the present action was commenced as an action for divorce. Matters concerning paternity and child support in a divorce action fall within the scope of §§ 109.2[4] and 112(A)[5] of title 43, O.S., and in divorce actions, the amount of child support is determined by reference to the statutory guidelines of 43 O.S. § 119. In this respect, "[c]hild support proceedings are of equitable cognizance," and, "[w]hen reviewing the decision of the trial court in an equity proceeding, this Court has long held that the judgment will not be disturbed unless the trial court abused its discretion or unless the court's finding was clearly contrary to the weight of the evidence." *Thornton v. Thornton*, 2011 OK 6, ¶ 5, 247 P.3d 1180, 1182.

¶ 11 Furthermore, a child support obligor may invoke equitable defenses, including waiver, estoppel and laches, to bar the recovery of delinquent child support payments. *Merritt v. Merritt*, 2003 OK 68, ¶ 7, 73 P.3d 878, 881–82. *Accord, Thrash v. Thrash*, 1991 OK 32, ¶ 10, 809 P.2d 665, 668.[6] Indeed, the doctrine of equitable estoppel may bar collection of allegedly past due child

3. " 'When interpreting a statute, we presume the legislature intended what it expressed in the statute, and we will follow the plain language accordingly.' The most fundamental rule of statutory construction is to ascertain and give effect to the intention of the legislature as expressed in the statute, and '[i]n the construction of statutes, "shall" is usually given its common meaning of "must." It is interpreted as implying a command or mandate.' The language of § 83(C)(1) is clear and unambiguous. It does not leave the trial court any discretion in deciding whether to impose liability for support for the five years preceding the filing of a paternity petition, but absolutely requires that such liability be imposed. The trial court's failure to follow the mandate of § 83(C)(1) was error. Its order refusing to impose support liability on Father for the five years prior to Mother's paternity petition therefore must be reversed." (Citations omitted.)

4. "Except as otherwise provided by Section 7700–607 of Title 10 of the Oklahoma Statutes, in any action concerning the custody of a minor unmarried child or the determination of child support, the court may determine if the parties to the action are the parents of the children. If the parties to the action are the parents of the children, the court may determine which party should have custody of said children, may award child support to the parent to whom it awards custody, and may make an appropriate order for payment of costs and attorney's fees."

5. "A petition or cross-petition for a divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are minor children of the marriage, the court: 1. Shall make provision for guardianship, custody, medical care, support and education of the children; ... and 3. May modify or change any order whenever circumstances render the change proper either before or after final judgment in the action; provided, that the amount of the periodic child support payment shall not be modified retroactively or payment of all or a portion of the past due amount waived, except by mutual agreement of the obligor and obligee, or if the obligee has assigned child support rights to the Department of Human Services or other entity, by agreement of the Department or other entity. Unless the parties agree to the contrary, a completed child support computation form provided for in Section 120 of this title shall be required to be filed with the child support order. The social security numbers of both parents and the child shall be included on the child support order summary form provided for in Section 120 of this title, which shall be submitted to the Central Case Registry as provided for in Section 112A of this title with all child support or paternity orders."

6. "The appellant is correct in concluding that equitable defenses may be invoked to bar the recovery of delinquent child support payments."

support altogether. *Cope v. Cope,* 2010 OK CIV APP 32, ¶¶ 13–14, 231 P.3d 737, 740.[7] And, as a matter of equity, the trial court may grant a credit against an alleged child support arrearage for payments which "alternatively complied" with the obligation to pay child support. *See, In re Marriage of Hall,* 2012 OK CIV APP 108, ¶¶ 18, 20, —— P.3d ——, ——.[8]

¶ 12 In the present case, Father voluntarily paid child support and exercised visitation with the child from 2002 to 2009, when Mother denied his paternity of the child and denied him the visitation with the minor child to which the parties agreed. As a matter of equity, the trial court was clearly authorized to consider Mother's conduct—including her denial of Father's paternity, her unilateral denial of Father's visitation with the minor child to which she had agreed, and the litigation expenses incurred by both parties as a result—in determining whether Mother was estopped to claim an arrearage of child support for which Father should be held accountable.

¶ 13 In this respect, Mother's denial of Father's paternity and visitation with the child induced Father's non-payment of child support, and required the investment of considerable litigation expense by both parties in the subsequent proceedings which culminated in the vindication of Father's presumptive paternity. The trial court determined that, because "Mother said there was no children of the marriage, which was incorrect," and "it was all messed up based on misrepresenta-

tions to the Court ... under oath, sworn and not true," Mother could not in equity claim an arrearage of child support from Father, or, in other words, "it [would be] inequitable for Mother to be allowed · to collect child support which was unpaid as a direct result of her [mis]representations and actions." *Cope,* 2010 OK CIV APP 32, ¶ 14, 231 P.3d at 740.

¶ 14 Under the circumstances of this case, and given (1) Mother's false swearing to "no children" of the marriage in the petition for divorce, as well as (2) Mother's denial of Father's paternity and visitation which spawned so much additional litigation, we agree with the trial court. We consequently hold the trial court did not err as a matter of law or fact in holding Mother was estopped to claim an arrearage of child support, and did not abuse its discretion in denying either Mother's motion to reduce arrearage to judgment or her motion to reconsider.

¶ 15 The order of the trial court is AFFIRMED.

BUETTNER, J., concurs.

HETHERINGTON, V.C.J., concurs in result.

¶ 16 I concur in the result of this opinion affirming the trial court, but write separately to again express my opinion that allowing the application of equitable principals in defense of an otherwise legal and enforceable order to pay child support promotes a legal minefield. The reason I concur here, is the fact

---

**7.** "Equitable estoppel is employed to prevent one party from taking a legal position inconsistent with an earlier action that places the other party at a disadvantage. It holds a person to a representation made, or a position assumed, where otherwise inequitable consequences would result to another, who has in good faith, relied upon that representation or position. [Even though a parent's] failure to pay child support [i]s inexcusable, ... estoppel [may] [bar] [an] action to collect unpaid support because [of the] delay in doing so ... In the present case, Father and Mother made a mutual agreement in 2001 wherein each gave up important rights. Father agreed to give up his right to visit his children, and Mother gave up her right to receive child support. Father complied with the agreement, both children are now adults, and it is inequitable for Mother to be allowed to collect child support which was unpaid as a direct result of

her representations and actions. We find that equitable estoppel bars her action.".

**8.** "Father made payments in furtherance of his daughter's support and those payments toward her support are entitled to some consideration of whether or not Father 'alternatively complied' with the support order.... Upon remand, the trial court should consider whether equity demands Father receive credit for payments, or some portion thereof, made to and on behalf of his daughter up to the amount of the stated arrearage. In doing so, the court should be guided by whether any injustice would come to Mother if Father was awarded credit against the arrearage, and whether payment of both the arrearage, or some portion of it, and the direct payments of various support to daughter would mark a double payment of support by Father." (Citations omitted.)

that Father voluntarily paid child support even though the parties had represented in their original decree no children had been born of the marriage. He was under no legal obligation to pay support.

¶ 17 To interject as a matter of law equitable estoppel or equity considerations such as found in *In re Marriage of Hall,* 2012 OK CIV APP 108, ¶ 20, —— P.3d ——, only serves to promote the explosion of litigation in theses types of custody cases. The consistent result is more instability, uncertainty and litigation expense in already emotional and seriously difficult child custody cases.